MOLLIE MOTTIER WALLACE, as Executrix & Trustee under the Last Will and Testament of D. B. Wallace, deceased, v. EDWIN BRUCE WALLACE, *et al.*

160 So. 377.
Division B.
Opinion Filed March 21, 1935.

*Himes & Himes* and *John R. Himes,* for Appellant;
*Taliaferro, Morris & Carter,* for Appellees.

BUFORD, J.—Mollie Mottier Wallace as Executrix and Trustee under the Last Will and Testament of D. B. Wallace, deceased, filed a bill in equity in the Circuit Court of Hillsborough County praying the construction of the Last Will and Testament of D. B. Wallace, deceased, it being alleged that judicial construction was necessary because of the fact that Mollie Mottier Wallace was the widow of D. B. Wallace, deceased, that she was the beneficiary named in the will, as well as the Executrix and Trustee under the will, and that the terms of the will were not satisfactory to her and that she had within the statutory period dissented

to the will and elected to take dower in the entire estate of the deceased, and that she thereupon became entitled to, and did, receive and become vested with a life estate in and to one-third of the real estate of which the testator died seized and possessed and to one-half of the personal property of the said decedent in fee simple, the title of the personal property to enure to the plaintiff, her heirs, executors, administrators and assigns forever. That pursuant to such election there was set apart to the widow a life estate in and to lot 5 of block 7 of Parkland Estates Subdivision as per plat thereof recorded in plat ·book 1, page 156, Public Records of Hillsborough County, Florida, which was duly allotted to her and as to which she was put into possession, and that there was also allotted and set off to her the sum of $5,536.13 in cash and one-half of bonds, notes and mortgages receivable, shares of stock in banks and other corporations, and chattels owned by the said decedent at the time of his death.

It is further averred that legacies of $2,000 each directed by said decedent's will to be paid to decedent's brother, James R. Wallace, and the decedent's niece, Gertrude Egelston Gardt, have been paid to the beneficiaries named and that all debts of decedent and all claims against the decedent's estate have been paid, settled and discharged except the balance due on the note of the decedent in favor of Federal Land Bank of Louisville, Kentucky, and expenses of administration, the total amount of which is greatly less than the value of the remaining real and personal property belonging to the estate of the decedent.

It is further alleged that she has on hand unadministered a large amount of personal property belonging to the estate of decedent consisting of cash, bonds, notes and mortgages receivable, shares of stocks in banks and other corporations

and chattels and in addition there is now included in decedent's estate certain real estate described in the bill of complaint lying in Hillsborough County, Florida, less the interest in the portion thereof allotted and set off to the plaintiff as her dower; that there is also unsold real estate in Kentucky of which decedent died seized and possessed, less the life interest in the portion thereof which has been heretofore allotted and set off to her as dower, and that the personal property and real estate in the State of Florida and in Kentucky greatly exceed all claims which might be made against decedent's estate and which are subject to be disposed of under the terms of the will.

It is further alleged that the plaintiff is the duly qualified and acting Executrix and Trustee under the said will and she desires to administer and make disposition of the personal property and of the real estate comprising the balance of the decedent's estate as well as such net income as may accrue therefrom, in accordance with the true intent and meaning of decedent's will, and to properly discharge her duties as Executrix and Trustee thereunder. She then alleges that in effect she is not advised as to how the estate should be distributed under the terms of the will, in view of her dissent from the terms of the will and her election and taking of dower in decedent's entire estate.

"She then alleges that Edwin Bruce Wallace is married to Louellyn Wallace, who is the first and only wife of Edwin Bruce Wallace; that no children have been born to Edwin Bruce Wallace; that James R. Wallace, one of the beneficiaries mentioned in the will, is married to the defendant, Martha Rouse Wallace, and that the defendant, Gertrude Egelston Gardt, one of the beneficiaries named in the will, is a widow; that another one of the beneficiaries mentioned in the will, Harry E. Wallace, is still living; that Gertrude

Wallace who is unmarried and over the age of 21 years and Vera Wallace Burch who has been deserted by her husband for a period of more than six months prior to the filing of this bill of complaint, are the only children of Harry E. Wallace, all the other children of said Harry E. Wallace having died before the demise of D. B. Wallace, leaving no issue, and there have been no other children born to Harry E. Wallace since the death of D. B. Wallace." That she is unable to ascertain the whereabouts or place of residence of William F. Wallace mentioned in the will and does not know whether or not the said William F. Wallace is dead or alive. She alleges on information and belief that William F. Wallace was married and that children were born under him prior to the death of D. B. Wallace but she does not know, and after diligent inquiry, has been unable to ascertain which of said children, if any, survive said D. B. Wallace and that she does not know the whereabouts or place of residence of any of such children or whether any of them are living or dead, or whether any other children have been born unto the said William F. Wallace since the death of the said D. B. Wallace.

It is then alleged that the interest of any child or children, if any, who might be hereafter born unto Harry E. Wallace and of any child or children of the said William F. Wallace who might have survived the said D. B. Wallace, and of any child or children who might have been born to William F. Wallace after the death of D. B. Wallace, or who might hereafter be born to the said William F. Wallace are identical with those interests of the defendants, Gertrude Wallace and Vera Wallace Burch, and that any such children are adequately represented by the last named defendants who are made parties to the bill of complaint in their own right and as representative of the class consisting of

the children of Harry E. Wallace and of William F. Wallace, who were the brothers of D. B. Wallace.

The bill then prays for service of process and that the will be construed and that the rights of all beneficiaries under the will, including the defendants to this suit, be determined and declared by decree of court and that she be instructed as to her duties as Executrix and Trustee and that she be instructed as to how, when and to whom distribution of the real estate and personal property comprising the balance of decedent's estate and of such income as may accrue therefrom should be made.

The pertinent parts of the will are as follows:

"After all of my just debts are paid I bequeath to my brother, James R. Wallace, Two Thousand Dollars, and to my niece, Mrs. Gertrude Egelston Gardt, Two Thousand Dollars. The balance of my estate of every kind and description I desire to be equally divided between my wife, Mollie Mottier Wallace, and my son, Edwin Bruce Wallace, and her part to be hers during her natural life and at her death to go to my son, Edwin Bruce Wallace, and should he die without issue before my said wife, his part of my estate is to be divided equally between my brother, James R. Wallace, and my niece, Mrs. Gertrude Egelston Gardt, and should my said brother, James R. Wallace, be dead the part bequeathed to him is to go to my niece, Mrs. Gertrude Egelston Gardt, and in the event of her death before the death of James R. Wallace he is to be given her part, and should they both be dead then the part bequeathed to them is to go to my nephews and nieces, children of my brothers, Harry E. Wallace and Wm. F. Wallace.

"I nominate my wife, Mollie Mottier Wallace, as the executrix of this will and request that the court not require her to execute any bond for the discharge of her trust,

having full confidence in her honesty, fairness, business capacity, and disposition to do what is right and do not want her to be hampered by any restrictions. Should I own any real estate at the time of my death I hereby invest my said wife with full power to sell and convey said real estate and to make, execute, acknowledge and transfer by deed to said real estate the same as if done by me in person, and she is to exercise her own judgment in the sale of said real estate and the personal property belonging to my estate with full power to do as she pleases.

"I request and appoint my said wife, Mollie Mottier Wallace, as the trustee of my estate for the division of my estate as provided, and as soon as practicable without embarrassment to my estate to pay the bequests of James R. Wallace and Mrs. Gertrude Egelston Gardt, and of the remaining part of my estate to pay one-fourth of the remainder to my wife, Mollie Mottier Wallace, and one-fourth of the remainder to my son, Edwin Bruce Wallace, and at the end of three years from said payment to pay to each another one-fourth of the amount that was on hand and at the end of the next three years to make a final distribution of the remainder of my estate equally between Mollie Mottier Wallace and Edwin Bruce Wallace. The net earnings of my estate is to be paid quarterly in equal parts, to the said Mollie Mottier Wallace and Edwin Bruce Wallace, pending the time of the final distribution of my said estate said disbursements to be made by the said trustee, who is also to collect the earnings of said estate, and a settlement of the earnings to be made in a clear and comprehensive manner to the said Mollie Mottier Wallace and Edwin Bruce Wallace at the end of each three months when the quarterly payment of the earnings is made, and a settlement is to be

made with the County Court after each distribution is made as is outlined above."

Edwin Bruce Wallace and his wife, Louellyn Wallace, answered the bill of complaint. Decree *pro confesso* was entered against other defendants. The answer of Edwin Bruce Wallace and Louellyn Wallace admitted all of the allegations of the bill except paragraph 9, and as to paragraph 9, they answered as follows:

"Answering paragraph nine of the bill of complaint, these defendants admit that the plaintiff is now the duly qualified and acting executrix and trustee under the last will and testament of said decedent but these defendants deny that the terms or provisions of said will are so uncertain and ambiguous with respect to the nature and extent of the rights and interests of the beneficiaries named therein and the time, method and mode of distribution to be made thereunder in view of the plaintiff's dissent to said will and her election to take and her taking of dower in the decedent's entire estate, that she shall and will be unable, safely to administer and make disposition of the property of said estate without instructions by the Court and, on the contrary, these defendants aver that under the true construction and interpretation of the terms of said will in the light of the plaintiff's dissent therefrom and taking of dower, said will vests in the defendant, Edwin Bruce Wallace, one-half of the estate remaining after allotment of dower in fee simple absolute with full power of enjoyment and disposition and that said will vested the other one-half of said estate in the plaintiff for life with remainder to said defendant and that the plaintiff's election to take dower was in law equivalent to her death and terminated said life estate, whereupon the remainder to said defendant was accelerated to take effect immediately, whereby said defendant

is now vested under said will with the absolute fee simple title to that one-half of the estate, with uncontrolled power of enjoyment and disposition and that, the entire estate of the testator having been already·divided by operation of law through the allotment or dower between the plaintiff and said defendant, the trust for division of the estate set up in the last paragraph of said will has failed and terminated and should be disregarded and that none of .the defendants other than these answering defendants have any right, title or interest in or to any of the estate which now remained in the hands of the plaintiff as executrix.

"3. Further answering paragraph nine of the bill of complaint, these defendants aver that unless the terms and provisions of said will be construed and interpreted as hereinabove set forth, the terms and provisions thereof under any other construction of all or any portion thereof are so uncertain, ambiguous, vague and repugnant, that the entire will, with the exception of the specific bequests or legacies which have already been paid, is void and invalid as a testamentary disposition, or that if any portion of said will other than said specific bequests or legacies could ever have been sustained as a valid testamentary disposition, the plaintiff's dissent from said will and her election to take and her taking of dower in the testator's estate has so completely destroyed and distorted the testator's entire scheme of distribution that the same has become inoperative and void and that the entire balance of said estate should therefore, under the laws of descent and distribution, be decreed to be vested absolutely in fee simple with uncontrolled power of enjoyment and disposition in the defendant Edwin Bruce Wallace, as sole heir at law, and that the other defendants, except these answering defendants, should be decreed to

have no right, title or interest of any kind in or to the balance of said estate."

A stipulation was entered into between counsel that the cause be brought on for hearing on bill and answer, which procedure was followed:

After hearing, decree was entered ordering, adjudging and decreeing as follows:

"(1). That the paragraph of the will of D. B. Wallace, deceased, reading as follows:

" 'After all of my just debts are paid, I bequeath to my brother, James R. Wallace, Two Thousand Dollars, and to my niece, Mrs. Gertrude Egelston Gardt, Two Thousand Dollars. The balance of my estate of every kind and description I desire to be equally divided between my wife, Mollie Mottier Wallace, and my son, Edwin Bruce Wallace, her part to be hers during her natural life and at her death to go to my son, Edwin Bruce Wallace, and should he die without issue before my said wife his part of my estate is to be divided equally between my brother, James R. Wallace, and my niece, Mrs. Gertrude Egelston Gardt, and should my said brother, James R. Wallace, be dead the part bequeathed to him is to go to my niece, Mrs. Gertrude Egelston Gardt, and in the event of her death before the death of James R. Wallace he is to be given her part, and should they both be dead, then the part bequeathed to them is to go to my nephews and nieces, children of my brothers, Harry E. Wallace and Wm. F. Wallace,' * * * should be and is hereby construed as having divided all of the testators estate remaining after the payment of legacies, debts, charges and expenses of administration, into two equal parts, one of said parts being devised to Mollie Mottier Wallace for life with a vested remainder in fee simple to Edwin Bruce Wallace, said remainder, however, being sub-

ject to be divested and to vest in the other beneficiaries under said will upon the death of the said Edwin Bruce Wallace without issue prior to the death of the said Mollie Mottier Wallace, and the other of said parts being devised outright to the said Edwin Bruce Wallace in fee simple, to be paid to him in four equal installments as provided in the last paragraph of said will.

"(2). That the portion of the testator's estate which has been alloted and set apart to the said Mollie Mottier Wallace for dower, namely, one-half of the personal property in fee simple and one-third of the real estate for life, should be construed as having been taken from the testator's entire estate, and that said will should be applied to the remaining portion of the testator's estate as hereinafter provided.

"(3) That the action of the said Mollie Mottier Wallace in dissenting from said will and taking dower in the testator's estate was equivalent to her death and accelerated the remainder to the said Edwin Bruce Wallace in the one-half of the testator's estate which was devised to the said Mollie Mottier Wallace for life, and that the fee simple title to said part of the testator's estate is now vested in the said Edwin Bruce Wallace, and that the other beneficiaries under said will are without any right, title, interest, claim or demand therein or thereto.

"(4) That the one-half of the testator's estate which was devised to the said Mollie Mottier Wallace for life, the fee simple title to which is now vested in the said Edwin Bruce Wallace as aforesaid is not subject to the trust provided for in the last paragraph of said will, and should therefore be ordered to be forthwith paid over to the said Edwin Bruce Wallace by the plaintiff.

"(5) That the one-half of the testator's estate which

was devised outright to the said Edwin Bruce Wallace in fee simple, is subject to the trust provided for in the last paragraph of said will, and should, therefore, be ordered to be paid over to the said Edwin Bruce Wallace by the plaintiff in four equal installments in accordance with the terms of the last paragraph of said will. It having been made to appear to the court that more than twelve months have elapsed since the first publication of the notice by Executrix to the creditors of said estate, and that the portion of the estate hereinafter decreed to be retained and held by the plaintiff will be at least sufficient to discharge all unpaid debts, charges and expenses of administration, it is thereupon further ordered, adjudged and decreed, (a) That the plaintiff do forthwith pay to the said Edwin Bruce Wallace one-half of the balance of the testator's estate which she now has on hand, and also one-fourth of the other half of the balance of said estate, making a total of five-eighths of the balance of said estate to be paid to the said Edwin Bruce Wallace at the present time. (b) That the remaining three-eighths of the balance of said estate shall be held in trust by the plaintiff as provided in the last paragraph of said will, and shall be paid to the said·Edwin Bruce Wallace in three equal installments, one every three years, beginning at the expiration of three years from the date of this decree, and that pending the final distribution of said three-eighths of the balance of said estate the net income therefrom shall be paid to the said Edwin Bruce Wallace quarterly, in equal parts; provided, however, that the plaintiff be and she is hereby permitted to use such portion of said three-eights of the balance of said estate as may be necessary and proper in discharging the unpaid debts, charges and expenses of the administration.

"It Is Further Ordered, Adjudged and Decreed that

this Court shall and does hereby retain jurisdiction of this cause for the purpose of making from time to time all such further orders and decrees as may be necessary or proper in connection with the subject-matter of this cause, including the distribution of the portion of said estate herein ordered to be forthwith paid to the said Edwin Bruce Wallace and the management of that portion thereof herein directed to be held by the plaintiff in trust."

From this decree appeal was taken.

The appellant filed nine assignments of error.

Edwin Bruce Wallace filed three cross assignments of error.

The first assignment of error presented by the appellant challenges the action of the court in construing the will of D. B. Wallace, deceased, as having vested in Edwin Bruce Wallace a vested remainder in fee simple in the one-half interest of testator's estate devised to Mollie Mottier Wallace for life subject to be divested and vested in the other beneficiaries under the will upon the death of Edwin Bruce Wallace without issue prior to the death of Mollie Mottier Wallace.

The second assignment of error challenges the action of the court in construing the will as having devised one-half of testator's estate outright to Edwin Bruce Wallace in fee simple to be paid to him in four equal installments.

The third assignment of error challenges the action of the Court in decreeing that the action of Mollie Mottier Wallace in dissenting from the will and taking dower in testator's estate was equivalent to her death insofar as the provisions of the will were concerned and accelerated the remainder to the defendant, Edwin Bruce Wallace, in the one-half of testator's estate which was devised to the said Mollie Mottier Wallace for life and that the fee simple title

to that part of the testator's estate is now vested in Edwin Bruce Wallace and that the other beneficiaries by reason of such acceleration are without any right, title, interest, claim or demand thereunto.

The fourth assignment of error challenges the action of the court in decreeing that the one-half of testator's estate which was devised to Mollie Mottier Wallace for life, the fee simple title to which is decreed to be now vested in Edwin Bruce Wallace, is not subject to the trust provided for in the last paragraph of the will and should be forthwith paid over to Edwin Bruce Wallace by plaintiff.

The fifth assignment of error challenges the action of the court in decreeing that the one-half of testator's estate which was decreed to have been devised outright to Edwin Bruce Wallace in fee simple should be paid over to the said Edward Bruce Wallace in four equal installments in accordance with the terms of the last paragraph of the will.

The remaining assignments of error present the same questions of law are presented by those above mentioned.

In appellee's cross assignments of error, the first challenges the action of the court in decreeing that one-half of the testator's estate which was decreed to have been devised outright to the defendant, Edwin Bruce Wallace, in fee simple was subject to the trust for distribution attempted to be set up in the last paragraph of the will.

The other two cross assignments of error present the same question in different form.

In Appellant's brief it is stated that there are five questions to be determined, which are as follows:

"First Question. Should testator's will be construed as having devised one-half of testator's estate outright to testator's son, Edwin Bruce Wallace, in fee simple, to be paid

to him in four equal installments, as provided in the last paragraph of said will?

"Second Question. Should testator's will be construed as having given to testator's son, Edwin Bruce Wallace, a vested remainder in fee simple in the one-half of testator's estate which was devised to testator's wife, Mollie Mottier Wallace, for life, subject to be divested and to vest in the other beneficiaries under said will upon the death of the said Mollie Mottier Wallace?

"Third Question. Should the action of testator's widow, Mollie Mottier Wallace, in dissenting from said will and taking dower in testator's estate, be held to be equivalent to her death and to accelerate the remainder to the defendant, Edwin Bruce Wallace, in the one-half of testator's estate which was devised to the said Mollie Mottier Wallace for life, so that the fee simple title to said part of said testator's estate is now vested in the said Edwin Bruce Wallace, and the other beneficiaries under said will are without any right, title, interest, claim or demand therein or thereto?

"Fourth Question. Assuming that questions 1, 2, and 3 should be answered in the affirmative, should the one-half of testator's estate which was decreed to have been devised outright to Edwin Bruce Wallace in fee simple, be held to be still subject to the trust contained in the last paragraph of said will by which it was directed that the corpus of testator's estate, after payment of debts and legacies should be distributed equally between Mollie Mottier Wallace and Edwin Bruce Wallace in four equal installments, one of such installments being payable forthwith, and one at the expiration of each succeeding three year period, and by which it was further provided that the net income should be paid quarterly in equal parts to Mollie Mottier Wallace

and Edwin Bruce Wallace, pending the time of final distribution?

"Fifth Question. On the same assumption as is made in Question 4, should the one-half of testator's estate which was devised to Mollie Mottier Wallace for life, the fee simple title to which was decreed to be now vested in Edwin Bruce Wallace, be held to be not subject to the aforesaid trust contained in the last paragraph of said will?"

The disposition of the first question turns upon the construction to be given the words "his part" as contained in that paragraph of the will beginning with the words "after all my just debts are paid" and which is the second paragraph of the will. The Chancellor appears to have construed those words to refer only to that part of the estate which was devised to Mollie Mottier Wallace for life with the remainder over in fee simple to Edwin Bruce Wallace. We cannot agree with this construction.

As we construe this paragraph of the will it vested a life interest in one-half of the estate in Mollie Mottier Wallace for life and the other one-half interest in Edwin Bruce Wallace and under the condition that if he should die without issue before the death of Mollie Mottier Wallace then all interest in the estate vested in him under the will should be divided equally between James R. Wallace and Mrs. Gertrude Egelston Gardt, if they should be living. If either should be dead, then the other should take the entire estate and if both should be dead then the remainder should go to the nephews and nieces of the testator, children of Harry E. and Wm. F. Wallace. But, in the event that Mollie Mottier Wallace should pre-decease Edwin Bruce Wallace then the devise to Edwin Bruce Wallace would be without condition, except that of the life estate in Mollie Mottier Wallace.

There are many reasons why the testator should have desired to write the will so as to be construed as it was apparently construed in the court below, but he did not write it that way and we must assume that he meant what was said in the will. It appears to us to be without ambiguity and we hold that as to the one-half of the estate bequeathed to Edwin Bruce Wallace, he takes the same in fee simple but under the condition that if he should pre-decease Mollie Mottier Wallace then so much of that estate as remains in his possession will be ·controlled by ·the above mentioned provisions of the will. However, had Mollie Mottier Wallace not dissented from the will, the terms of the will would have created in Edwin Bruce Wallace as to one-half of the estate bequeathed to her a vested remainder subject to be divested at his death without issue prior to the death of the life tenant. See 69 C. J. 634; Kingsley v. Broward, 19 Fla. 722.

Now, as to that part of the real estate which has been allotted to the widow as dower; her dissent from the terms of the will and her election to take dower, the same being a life estate, in this particular real estate only effects the title thereto during the period of her life and at her death it becomes subject to the provisions of the will, unless the will by terms indicates a contrary purpose. See Scribner on Dower, 2nd Ed. Vol. 2, p. 785. It occupies the same status as if the will specifically provided for its disposition subject to the inchoate right of dower in the widow.

In 69 C. J. 1145, it is said:

"A trust created by will for the benefit of others than the person renouncing is not extinguished thereby, but follows the terms of the will both as to its continuance, and termination; and, if the widow is one of the beneficiaries of the trust, it will be executed for the other beneficiaries, as

far as possible. While the general rule is that a widow's election to take against the will is equivalent to her death and payment of bequests in remainder is accelerated where there is no other purpose to be served than to maintain the estate for the widow during her lifetime, the law is different when there are other trusts in the will beside those for the widow and the intention of the testator with reference thereto calls for their continuance during her natural life. Where, however, there is nothing in the will to indicate that the span of the widow's life was used as a yardstick to measure the duration of the period which must expire between the death of the testator and distribution of his estate, the general rule as to execution of trust and acceleration of remainders applies, and, even where the trust is declared to continue for the lifetime of the widow and another and of the survivor of them, the election of the widow to take against the will accelerates the remainders by that much, entitling beneficiaries to distribution on the death of the other."

It has been repeatedly held that if the intent of the testator could be clearly discerned from the context of the will, such intent should be enforced. It is clear from the provisions of the will here under consideration that the testator intended that after the minor bequests had been satisfied that all other property of which he died seized and possessed should be divided between his wife and son, her part to be hers only for her natural life and at her death to be vested in the son, conditioned, however, that if he should die without issue before the death of the wife his part of the estate was to be divided in the manner hereinbefore stated. So as to this portion of the property there stands an alternative disposition by the will. If the son, Edwin Bruce Wallace, survives the widow he becomes a remainder man

vested with the fee simple title, but if he should pre-decease the wife without issue then upon the death of the widow the fee simple title will vest in James R. Wallace and Mrs. Gertrude Egelston Gardt, if they be living, and otherwise as provided in the will if either of them be dead. So, as to this portion of the real estate the life estate is vested in the widow by the exercise of the right of dower with a vested defeasible remainder over to others in the order above named.

It is a general rule that the election of the widow to take against the will has the effect of accelerating any remainders limited to take effect after a life estate devised to her in the will. See 28 R. C. L. 323; Scotten v. Moore, 5 Boyce (Dela.) 545, 93 Atl. 373; Mills v. Newberry, 112 Ill. 123, 1 N. E. 156, 54 Am. Rep. 213; Cotton v. Fletcher, 77 N. H. 216, 90 Atl. 510. There can be no such acceleration, however, of remainders which could only take effect after the expiration of the life estate not created by the will but having its basis in the exercise of the right of dower.

We have answered the second question in dealing with the first. It may be well to here clarify what might otherwise cause confusion. This we will try to do. D. B. Wallace owned a large amount of property. He made and executed a will. By that will one-half of the property was devised to his wife for life and the other half to his son, the division to be made after other minor bequests had been fulfilled. He also bequeathed to his son in fee the one-half interest, subject to the life estate of the wife. Now, under the terms of this will the son was devised outright one-half of the residue of the estate after other bequests had been fulfilled and all claims against the estate had been paid. When the wife dissented from the will she took out of the estate subject to distribution one-third of the real estate and

one-half of the personal property and the estate for distribution under the will was reduced to that extent. So it leaves the remainder of the estate to be distributed. The dissent of the wife to the will was equivalent to her death so far as the bequest to her was concerned. See Rench v. Rench, 184 Iowa 1372, 169 N. W. 667. Therefore, the son immediately became vested, as the remainder-man of that one-half interest in the distributable estate, the life tenancy thereto having been closed by the dissent and renunciation of the life tenant, the widow.

We think that by the weight of authority it is determined that under the state of facts here existing it is not necessary that the interest in the estate which comes to Edwin Bruce Wallace as remainder-man should be hampered by any of the alternate bequests contained in the above paragraph of the will. To this we must apply the terms of the will to the devisees in the same manner as though the life tenancy of Mollie Mottier Wallace had terminated by her death because it is just as effectively terminated. The remainder-man, had the widow not terminated the life tenancy, would have held a vested defeasible remainder which might have terminated either with his death or the death of the life tenant. If it had terminated with the death of the life tenant he would have been vested with the fee simple estate. If it had terminated with his death prior to that of the life tenant, it would have terminated as a vested estate in other remainder-men. The action of the life tenant in dissenting from the will and electing to take dower terminated that life tenancy and accelerated the termination of the vested defeasible remainder. See Rowe v. Doe, (Del.) 93 Atl. 373; Rench v. Rench, *supra;* in Diston's Estate, 257 Pa. 537, 1 R. A. 1918 B62, 101 Atl. 804; Lowriemore v. First Savings & Trust Co. of Tampa, 102 Fla. 740, 100, Sou. 887.

We next come to the question as to whether or not the provisions contained in the last paragraph of the will are to be enforced in view of the conditions which now exist. We think that the action of the wife beneficiary under the will in dissenting from the will and electing to take dower which has been set apart to her obviates the necessity and in fact precludes the possibility of this paragraph of the will being adhered to. It is useless for us to again quote the language of that paragraph. It is enough to say that it directs the bequests to Edwin Bruce Wallace and Mollie Mottier Wallace to be distributed to them each in four equal payments at certain designated periods. By dissenting from the terms of the will and electing to take dower Mrs. Wallace has made it impossible for the provisions of this paragraph of the will to be carried out. It is evident that the testator included that paragraph in the will for the protection of the beneficiaries and intended that they should receive the bounty in equal portions and at certain periods. It could not now be distributed in equal portions because Mrs. Wallace is entitled to none of that part of the estate which is distributed under the will.

This provision of the will, having become impossible of performance, it should be held of no further force and effect. Therefore, the decree should be modified so as to eliminate any requirement that this provision of the will be complied with.

For the reasons stated, the decree appealed from is reversed with directions that a decree be entered not inconsistent with the views herein expressed. The costs of this appeal should be taxed in equal proportions against the appellants and the appellees.

It is so ordered.

Reversed and remanded with directions.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.