## In re SHEARSON'S ESTATE.

County Judge's Court, Palm Beach County.
December 7, 1951.

———•———

Wideman, Caldwell, Pacetti & Robinson, West Palm Beach, for petitioners.

Ausley, Collins & Truett, Tallahassee, for Mrs. Shearson.

RICHARD P. ROBBINS, County Judge.

This cause came on before me upon the petition of Marion B. Shearson, Phyllis Elizabeth Shearson Adams and Janet Shearson Buffington, for an order of judicial determination that Flora Josephine Shearson, widow of Edward Shearson, deceased, is liable for her proportionate share of the federal

and Florida estate taxes levied against the estate of her deceased husband; the answer of Flora Josephine Shearson, as executrix and her separate answer denying liability for any portion of said tax individually or out of property passing to her under the exercise of her dower right.

Under the terms of the last will and testament of Edward Shearson, who departed this life on October 31, 1950, the residue of his estate was left in trust for his widow for life, with remainders over. The widow, not being satisfied with the provisions of the will made in her behalf, renounced her rights under it and took dower as provided by statute.

The question put in issue by the pleadings aforesaid is whether the share of the estate allotted to the widow as dower shall bear any part of the estate taxes.

It is the contention of the widow that her election to take dower created a marital deduction for the purpose of computing estate taxes to the extent of the value of the property received by her as such dower and, therefore, the apportionment statute of 1949 (sec. 734.041 F.S.A.) relieves her from any share of the estate tax, while the remaindermen take the position that since there is no provision in the internal revenue code that the marital deduction in estate taxes is specifically designated for the benefit of the widow, it is for the benefit of the entire estate.

Applicable statutes considered in deciding the question are as follows:

1. 1945 Florida dower statute (731.34 F.S.A.), which reads in pertinent part as follows:

> *"Dower in realty and personalty.* — Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow's dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration, but her dower shall be ratably liable with the remainder of the estate for its proportionate share of the estate and inheritance taxes due by the estate of her deceased husband * * *."

**2. Section 812 of the internal revenue code as added in 1948, which reads in pertinent part as follows:**

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

(e) Bequest, Etc., to Surviving Spouse.—

(A) *In General.* — An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(H) *Limitation on Aggregate of Deductions.* — The aggregate amount of the deductions allowed under this paragraph (computed without regard to this subparagraph) shall not exceed 50 per centum of the value of the adjusted gross estate, as defined in paragraph (2).

(3) Definition. — For the purposes of this sub-section an interest in property shall be considered as passing from the decedent to any person if and only if—

\* \* \*

(C) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent; \* \* \* "

**3. 1949 Florida apportionment statute (734.041 F.S.A.), which reads in pertinent part as follows:**

*"Estate, inheritance taxes; apportionment.—*

(1) Whenever it appears upon any accounting or in any appropriate action or proceeding that an executor, administrator, trustee or other person acting in a fiduciary capacity, has paid, or there is owing, a death tax levied or assessed under the provisions of the tax laws of the State of Florida or under the provisions of any United States revenue act, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, or owing, except in a case where a testator otherwise directs \* \* \* shall be equitably prorated among the persons interested in the estate \* \* \* to whom any benefit accrues. Such proration shall be made by the county judge in the proportion, as near as may be, that the value of the property, interest and benefit of each such person bears to the total value of the property, interest and benefits received by all such persons interested in the estate, except that in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate \* \* \*."

**4. 1951 dower statute (731.34 F.S.A.), which reads in pertinent part as follows:**

*"Dower in realty and personalty. —* Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow's dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration * * *. In any case where the dower interest of the widow shall have the effect of increasing the estate tax, her dower shall be ratably liable with the remainder of the estate for the estate taxes due by the estate of her deceased husband."

The court has heard the able argument of counsel for the respective parties and has examined the exhaustive briefs filed by them.

It is the opinion of the court that congress, in providing for the marital deduction contemplated that it would be tax free because code section 812(e) provided that in computing the net estate there should be allowed as a deduction from the gross estate the value of any property included therein which formed a part of the gross estate of any person who died within five years prior to the death of the decedent, if it could be identified as having been received from the prior decedent by gift, bequest, devise, or inheritance, etc., whereas the new law provides that the deduction is not allowable with respect to property acquired from a prior decedent who died after December 31, 1947, and was, at the time of such death, the decedent's spouse.

It is true that at the time of the death of the decedent, October 31, 1950, section 731.34 Florida statutes, which provides that dower shall be ratably liable with the remainder of the estate for its proportionate share of the estate taxes was in effect, but section 734.041 had been passed requiring that in prorating the tax burden among the persons interested in the estate allowances shall be made by the county judge for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate.

It seems to me that, in enacting the 1949 apportionment statute, the legislators must have had in mind that where the surviving spouse's share in the estate qualifies for a marital

deduction and does not add to the tax burden, such spouse would receive her dower undiminished by a prorated share of the estate taxes.

The act of taking dower on the part of the widow in the instant case qualifies in full for the marital deduction, coming wholly within the fifty per cent limitation of the adjusted gross estate contained in federal code section 812 (e) and in no way adds to but actually reduces the overall estate tax burden; therefore, I think that it should be tax free.

That this was the expected result of the apportionment act as contemplated by the legislature seems to me to be confirmed in the language of the 1951 amendment providing that the dower portion of the estate shall be ratably liable for estate taxes only in instances where the dower interest of the widow has the effect of increasing the estate tax.

It is hereby ordered and adjudged that no portion of the estate taxes levied against the estate of Edward Shearson, deceased, shall be allocated to or deducted from the dower interest of the decedent's widow, Flora Josephine Shearson, or charged against her individually.