108 So.2d 57 (1959)
Nancy Ellen FILKINS, a minor by W.M. Murphy, Jr., Guardian ad litem, Appellant,
v.
J. Thomas GURNEY, as Executor of the Estate of Evelyn E. Richardson, deceased, and First Baptist Church of Orlando, Appellee.
No. 673.
District Court of Appeal of Florida. Second District.
January 9, 1959.
Murphy & Murphy, Orlando, for appellant.
Gurney, McDonald & Handley, Orlando, for appellee, J. Thomas Gurney.
Akerman, Turnbull, Senterfitt & Eidson, Orlando, for First Baptist Church of Orlando.
KANNER, Chief Judge.
Appellee, J. Thomas Gurney, petitioner in the court below, sought judicial construction of a certain portion of the last will and *58 testament of Evelyn E. Richardson, deceased. Being discontent with the ruling of the trial court, Nancy Ellen Richardson, also known as Nancy Ellen Filkins, a minor and a beneficiary under the will as sole lineal descendant of the testatrix, through her guardian ad litem has brought the matter to this court.
It is unnecessary to recite that portion of the will about which this appeal is concerned. The respective positions of the appellant and appellees have been that the language of the part of the will in question is clear and unambiguous on its face, and this view has been adhered to before this court. It is rudimentary in construing a will that the intention of the testator is the guiding and determining factor and that a will cannot be construed by conjecture or surmise as to such intention. Nor can a court reconstruct or alter a will according to a notion of what the testator should have done but must be governed by its interpretation of testatorial intent as gathered from the language of the total testament.
Since the language of the will is conceded to be unambiguous, the words employed in the instrument should be given their usual meaning, and this rule should prevail over any perversion of words from their ordinary significance, unless some other meaning was intended. A court must assume that a testator meant what was said in the will. Floyd v. Smith, 1910, 59 Fla. 485, 51 So. 537, 37 L.R.A.,N.S., 651; Lowrimore v. First Savings & Trust Co. of Tampa, 1931, 102 Fla. 740, 140 So. 887, 891; Mosgrove v. Mach, 1938, 133 Fla. 459, 182 So. 786; and Wallace v. Wallace, 1935, 118 Fla. 844, 160 So. 377.
In order for the rules and canons of testamentary construction to be invoked so as to determine the signification of the wording employed in a will, there must be a discernible ambiguity or uncertainty arising from the language used and obscuring the intent of the testator. The wording involved here is neither obscure nor abstruse in its meaning and intent. The trial judge followed the common and ordinary meaning of the wording of the will in his contextual construction, expressing in his own verbiage what clearly appears to be the same intention and meaning found in the words actually employed by the testatrix.
The construction given by the trial judge to the part of the will being construed, when considered in connection with the whole testament, constitutes a proper one, and the order is therefore affirmed as entered.
Affirmed.
ALLEN, J., and FARRINGTON, OTIS, A.J., concur.