### In re PROCTER'S WILL.

#### No. 14143.

County Judge's Court, Palm Beach County.

July 16, 1959.

Caldwell, Pacetti, Robinson & Foster, West Palm Beach, and Sherman, Sterling & Wright and C. B. Garver, all of New York City, for petitioner.

Horner C. Fisher, West Palm Beach, guardian ad litem for Hope Carol Stokes, et al, minor respondents, and attorney for Hope Procter Stokes, Beatrice Procter Frelinghuysen and New York Protestant Episcopal City Mission Society.

RICHARD P. ROBBINS, County Judge.

This cause was tried before the court on the petition of Beatrice S. Procter, individually and as executrix of the estate of Rodney Procter, deceased, to construe portions of the last will and testament of the decedent, as amended by the codicil thereto, and the answers to the petition of respondents Hope Carol Stokes, Mary Elizabeth Stokes, Peter Frelinghuysen, Beatrice S. Frelinghuysen, Rodney Procter Frelinghuysen, Adaline H. Frelinghuysen, 2d, and Frederick Frelinghuysen, by Horner C. Fisher, their guardian ad litem, and of respondents Hope Procter Stokes, Beatrice Procter Frelinghuysen and Peter H. B. Frelinghuysen, Jr., as trustee under the last will and testament of Rodney Procter, deceased, and New York Protestant Episcopal City Mission Society. Having considered the pleadings and evidence, and the oral arguments and briefs of counsel for the parties, the court finds—

That this court has jurisdiction to construe the portions of the will of the decedent involved herein, and has jurisdiction over the aforesaid parties, who are all of the persons interested under said will.

That by the terms of article third of the will dated February 2, 1952, as amended by codicil dated May 29, 1957, the decedent bequeathed his residuary estate to Peter H. B. Frelinghuysen, Jr., as testamentary trustee, in trust for the purposes specified in the will. After providing that the residuary estate was to be divided into two equal shares and specifying the disposition of the first of the shares, the testator declared that the income and principal of the other of the shares was to be disposed of, so far as is now pertinent, as follows—

"IV. *To apply* the net income from the other such share, quarterly, and *so much of the principal thereof as my said wife, Beatrice S. Procter, may from time to time request in writing, to the use of my said wife during her life* and, after her death, during the lifetime of my youngest grandchild living at the time of my death, to apply the net income therefrom, or from so much of the said fund as may then remain, to the use of my grandchildren then living and the lineal descendants of any deceased grandchild, in equal shares, per stirpes and not per capita." (Italics supplied.)

198

That it was the intention of the testator Rodney Procter, by the above italicized language to give to his wife, Beatrice S. Procter, in her individual capacity from the date of the testator's death and during her life the unlimited right, absolute and exercisable by her alone and in all events, for any purpose, to withdraw all or any part of the principal of said trust, and that Beatrice S. Procter thereby should have the unrestricted power exercisable at any time during her life to use or dispose of, by gift or otherwise, all or any part of the property subject to such power. Said language is legally sufficient to consummate said intention of the testator.

It is therefore ordered and adjudged that the above recited portion of the decedent's will, as amended by his codicil, is construed and determined to have the legal effect that Beatrice S. Procter in her individual capacity had from the date of the death of Rodney Procter, and now has, during her life, the unlimited right, absolute and exercisable by her alone and in all events, for any purpose, to withdraw all or any part of the principal of the trust for her benefit under paragraph IV of article third of the will of Rodney S. Procter deceased, as amended by the codicil thereto, and that Beatrice S. Procter thereby had from the date of the death of Rodney Procter, and now has, the unrestricted power, exercisable at any time during her life, to use or dispose of, by gift or otherwise, all or any part of the property subject to such power.