### In re PROCTER'S WILL (No. 2).
No. 14143.

County Judge's Court, Palm Beach, County.

December 30, 1960.

Caldwell, Pacetti, Foster & Barrow, West Palm Beach, for petitioner.

Horner C. Fisher, West Palm Beach, guardian ad litem for minor respondents, and attorney for respondents Hope Procter Stokes, et al.

Paul T. Douglas, West Palm Beach, for trustee.

RICHARD P. ROBBINS, Judge.

This cause was tried before the court on the petition of Beatrice S. Procter, individually, and as executrix of the estate of Rodney Procter, deceased, for determination of allocation of the estate and inheritance taxes on the estate, and the answers to the petition of respondents Hope Carol Stokes, Mary Elizabeth Stokes, Peter Frelinghuysen, Beatrice S. Frelinghuysen, Rodney Procter Frelinghuysen, Adaline H. Frelinghuysen, 2d, and Frederick Frelinghuysen, by Horner C. Fisher, their guardian ad litem, and of respondents Hope Procter Stokes, Beatrice Procter Frelinghuysen and Peter H. B. Frelinghuysen, Jr., as trustee under the last will and testament of Rodney Procter, deceased, and New York Protestant Episcopal City Mission Society. Having considered the pleadings and evidence, and the oral arguments and briefs of counsel for the respective parties, the court finds as follows —

On January 2, 1952, the decedent, Rodney Procter, executed a will, in which, after devising and bequeathing certain non-residuary assets to his widow, Beatrice S. Procter, he left his residuary estate in trust, dividing it into two parts, for the benefit of his widow during her life, with remainders over to his grandchildren, minor respondents herein, or in the lapse of descendants, to New York Protestant Episcopal City Mission Society. The first of these parts was not subject to invasion by the widow. The second part was held by this court in an order entered on July 16, 1959, in this estate, 14 Fla. Supp. 196, to be subject to absolute invasion by her. Inheritance taxes were directed to be paid — "out of my residuary estate".

At the time of the execution of this will it had been very recently decided by this court that assets received by a widow from her deceased husband were not subject to, or chargeable with, the

imposition of estate or inheritance taxes. In re Shearson's Estate, 1 Fla. Supp. 24, decided December 7, 1951. The New York law firm, of which the draftsman of the Procter will was a member, were among the attorneys in the Shearson case, and the latter was familiar with the ruling of this court in that case. To the same effect was In re Fuchs' Estate, 1 Fla. Supp. 28 (County Judge's and Circuit Court of Dade County, 1951), affirmed 60 So.2d 536 (Sup. Ct. Fla. 1952).

On May 13, 1957, a statute passed by the 1957 legislature of the state of Florida became effective, chapter 57-87, Laws of Florida, 1957, also cited as section 734.041, Florida Statutes 1957. The material part of this statute follows — "All estate, inheritance, succession and death taxes imposed upon the estate of a decedent and required to be paid by the personal representative, shall be paid from the residuary estate of the testator, without requiring contribution from any person receiving property taxable as a part of the estate of the testator. * * * * *Nothing in this statute shall prohibit a testator from directing in his will that said taxes be apportioned or paid in a manner other than as provided in this section.*" (Italics supplied).

On May 29, 1957, the decedent executed a codicil to his will, making changes not here relevant, and confirming all provisions of his will not changed in the codicil. Decedent passed away August 4, 1957.

On October 28, 1957, an amendment to the above statute, chapter 57-1976, became effective, providing that the statute shall be applicable only to estates of decedents dying after May 13, 1957.

Neither decedent, who had not had legal training, nor his attorneys in New York City, had any knowledge of the May 1957 statute prior to the former's death, nor was it possible for them to have known about it. There was no Florida attorney connected with the preparation and execution of this will and codicil. The secretary of state of Florida, who is custodian of the Florida laws as printed, and the distribution of them, did not receive copies of the 1957 General Laws nor of the 1957 Statutes until sometime after the decedent's death, and his New York attorneys did not have access to these until some time later than the receipt of them by the secretary of state.

The widow of the decedent has filed herein, as executrix of decedent's estate and in her individual capacity, a petition for determination of the allocation of estate and inheritance taxes, alleging the pertinent facts and praying that this court determine

that all estate and inheritance taxes upon the decedent's estate are payable out of the part of the residuary trust as to which the widow has only a life interest. The parties named herein above were made respondents to the petition, and filed answers herein, the minors through their guardian ad litem, after having been duly served with citation.

In the argument before the court and the brief filed by her, petitioner contends that it was the intention of the decedent that all of the estate and inheritance taxes to be imposed upon his estate should be paid out of the assets distributable to the residuary trust under the first part thereof, referred to as the non-marital part, and that the assets distributed to the other part of the trust, referred to as the marital part, and the assets specifically bequeathed and devised to the widow, should be free and clear of any such estate and inheritance taxes. Petitioner contends that this intention of the testator is the controlling circumstance in the determination of these proceedings, and should be given effect by this court. In support of this contention there are cited Marshall v. Hewett (Sup. Ct. Fla. 1945), 24 So. 2d 1; Adams v. Vidal (Sup. Ct. Fla. 1952), 60 So. 2d 545; Pancoast v. Pancoast (D.C.A.2, 1957), 97 So. 2d 875, (Sup. Ct. 1959) 107 So. 2d 787; Eggleston v. Dudley (U.S.C.A.3, 1958), 257 Fed. 2d 398; Florida National Bank v. St. Anthony's Hospital (D.C.A.2, 1958), 105 So. 2d 198; In re Martin's Estate (D.C.A.2, 1959), 110 So. 2d 421; In re Parker's Estate (D.C.A.1, 1959), 110 So. 2d 498; and Filkins v. Gurney (D.C.A.2, 1959), 108 So. 2d 57.

The petitioner further contends that the above 1957 statute should not be construed in such manner as to tax any interest passing to the decedent's widow, citing In re Bayne's Estate (1950), 102 N.Y.S. 2d 525; In re Pratt's Estate (1953), 123 N.Y.S. 2d 425; In re Campe's Estate (1954), 129 N.Y.S. 2d 362; In re Campe's Estate (1954), 130 N.Y.S. 2d 459; and In re Matte's Estate (Surrogate's Ct. 1954), 130 N.Y.S. 2d 270, 275, aff'd by App. Div. 1955, 137 N.Y.S. 2d 836, aff'd by Ct. of Appeals, 132 N.E. 2d 314. Further, the petitioner contends that the italicized portion above of the 1957 statute permits a testator to direct in his will that taxes be apportioned in a manner other than stated in the statute; that it was precisely decedent's intent to do this, that is to exempt the marital part of the trust from estate taxes, and the legal effect of the situation is such that his intent was effected. She cites Matthew v. Jones (Texas 1952), 245 S.W. 2d 974; Commercial Trust Co. v. Kohn (N. J. 1946), 54 A. 2d 473; and Pitts v. Hamrick (U.S.C.A. 4, 1955), 228 Fed. 2d 486.

Also, the petitioner contends that the above quoted tax clause in the decedent's will is not to be construed as requiring and providing that estate taxes be paid out of the marital part of the residuary trust, citing Case v. Roebling (N. J. 1956), 127 A. 2d 409; and In re Burnett's Estate (Probate Court, N. J. 1958), 142 A. 2d 695.

The respondents contend as follows —

The exemption claimed by petitioner would be contrary to and violative of the express and mandatory direction of the testator that said taxes "shall be charged to and paid out of my residuary estate". Such exemption is contrary to the provisions of section 734.041 of the Florida Statutes, which directs that all estate, inheritance, succession and death taxes imposed upon the estate of a decedent and required to be paid by the personal representative, shall be paid from the residuary estate of the testator in the absence of the testator's direction *"in his will* that said taxes be apportioned" otherwise. The codicil executed on May 29, 1957, subsequent to the enactment of section 734.041, neither amended nor modified article sixth of the will, and by article third of the codicil it was provided — "Except as hereby modified and amended, I hereby confirm all the provisions of my said will". To now modify or amend the will and codicil so as to exempt that share of the residuary trust subject to the widow's power of invasion would be contrary to the clear, unambiguous, express and mandatory direction of the will and codicil, and would constitute reformation and not construction thereof. Such exemption would visit upon the share not subject to the widow's right of invasion an inequitable and unconscionable burden and impairment in an amount in excess of $680,000 to the detriment of the minor and other respondents herein.

As authorities for their contentions, respondents cite 12 University of Florida Law Review 59; 11 Am. Jur. 476; 57 Am. Jur. 660; Taylor v. Payne (Sup. Ct. Fla.), 17 So. 2d 615, 617, 37 A.L.R. 2d 7; Foerster v. Foerster (Probate Ct., Ohio), 122 N.E. 2d 314; Campbell v. Lloyd (Ohio), 122 N.E. 2d 695; Williamson v. Williamson (Ark.), 272 S.W. 2d 72; and Riggs v. Del Drago, 317 U.S. 95, 63 S. Ct. 109, 87 L. Ed. 106, 142 A.L.R. 1131.

Respondents also contend that even though the marital part of the residuary trust is held to be exempt from estate taxes, the assets specifically devised and bequeathed to the widow should bear their proportionate part of the estate taxes.

Upon due consideration of the foregoing contentions, and authorities, the conclusion of this court is as follows —

It was the intent of the decedent that the estate taxes imposed upon this estate should all be paid out of the assets distributable to the non-marital part of said trust, and that the assets distributable to the marital part of the trust should be free and clear of estate and inheritance taxes imposed upon the decedent's estate. This intent of the decedent was fully effected by his will and codicil.

The 1957 statute is not to be construed as to change the law in this state prior thereto that property received by a widow from her deceased husband is not to be subject to estate taxes, as determined in the Shearson and Fuchs' cases, supra.

Even if this statute had changed the previously existing law, there was an implied or constructive direction by the decedent that such taxes be apportioned or paid in such manner as to exempt the widow's interest from such taxes, as provided in the portion of the statute italicized, supra.

The provision in decedent's will for payment of all estate and inheritance taxes out of his residuary estate is construed as meaning that all such taxes shall be paid out of that part of the residuary estate as is not exempt from the burden of taxation under Florida law, such property so exempt being the assets distributable to the widow under the marital part of said trust.

The same principles and conclusions relate to the widow's interest in the property specifically devised and bequeathed to her, such interest not being subject to taxation.

This court has jurisdiction to determine the allocation of the estate and inheritance taxes, and has jurisdiction over the aforesaid parties, who are all of the persons interested under the will.

It is thereupon ordered and adjudged that all of the estate and inheritance taxes levied against the above estate shall be paid out of the assets distributable to the trust under paragraph 1 of article third of the will, as amended by the codicil to the will, and that no portion of such estate and inheritance taxes shall be allocated to or deducted from the assets distributable to the trust under paragraph IV of article third of the will, as amended by the codicil to the will, nor from the widow's interest under paragraphs first and second of the will, nor shall any estate or inheritance taxes be charged against the widow, Beatrice S. Procter, individually.