BARKDULL, Judge.
This is an appeal by the trustee under a testamentary trust for the support and maintenance of a minor child, seeking review of an order in favor of the appellees upon their petition for support of the minor beneficiary.
This controversy arises out of the following factual background: On December 13, 1953, Edith Hodge Currey, the deceased, executed a will containing, the following provision :
“I give, bequeath and devise unto my EXECUTRIX, her survivors and successors, IN TRUST, all of MY ESTATE, whether real, personal or mixed property, of every sort, and wherever situate, including any and all insurance policies, and all monies deposited to my account in any bank, savings company or Post Office Savings Account, of which I may die seized or possessed, for the following uses and purposes of this said TRUST, as follows :
“For the sole purposes of support, education and maintenance of my beloved son, JUDSON STEPHENSON CURREY, only in the event some future misfortune befall his father and my husband, Byrd Estes Currey, residing in Storrs, Connecticut, who presently contributes to my son’s support, and only after legal proof of inability upon his father to so support my son, shall My Executrix hereinafter named or her successor, be hereby authorized to use such portion of the corpus as may be necessary for the purposes hereinabove so stated and declared.”
It appears from another article of the will that at the time of the execution of the instrument the minor child was in the care, custody and control of the Mary King School, the predecessor to the appellee, Hope School. Edith Hodge Currey passed away in 1955, and the administration of the testamentary trust created in and by her will was conducted under the supervision of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. The appellant, Lenore C. Nesbitt, was appointed in the will and duly qualified as trustee of the testamentary trust.
Upon the death of the testator, the care, custody and control of the minor child was not disturbed and he was left in the Hope School, or its predecessor the Mary King School, if not'with the actual consent of the father of the minor child at least with the implied consent. The school had difficulty in collecting its monthly charge for the care and maintenance of the child, and has brought actions to require the natural father to comply with his responsibilities in the support and maintenance of the child and succeeded in securing, through the reciprocal uniform support act, certain compliance by the father in supporting the child since July, 1960, although it was held in this proceedings that the school could not secure the arrearage incurred in the support and maintenance of the child. Subsequently, the Hope School filed a petition in the trust proceedings, seeking support for the beneficiary of the trust under the provision above set forth. Whereupon, following hearing, the chancellor entered an order granting such petition [which is here reviewed by this appeal] wherein he made the following finding of fact:
“ * * * and that the last will and testament of Edith Hodge Currey, providing for the establishment of this trust, is ambiguous as to the intent of the testator as to circumstances represented herein, and the Court construes *726 the intent of the testator to be that all just and reasonable obligations incurred by the minor, or for and on behalf of the minor, to the petitioner are intended to be paid out of and from this trust and that it was the intent of the testator that the trustee be obligated to pursue and collect such obligations as may exist owing to the petitioner from the natural father, Byrd Estes Currey; and the Court finds from the evidence adduced before it that the minor child is and has been cared for and maintained by Hope School in an excellent manner and that the guardian ad litem and the attorney ad litem complied with his obligations hereunder in a thorough and excellent manner and is to be highly commended in his charitable act of waiving all fees rightfully due him for his services herein; * * *
The trustee has perfected her appeal from this order and assigned as error its entry, its findings and, in particular, its failure to find that the natural father was unable to financially support the minor child.
 The will, as a whole, clearly indicates that it was the intention of the testatrix to require the natural father to support his son as long as he had the ability to so provide, and only in the event the father could not be made to support the child because of financial reasons could the corpus be invaded. It was the evident intent of the mother of this incompetent to preserve her assets for his care and maintenance as long as possible, without dimunition of or resort to them until the natural father was found no longer able to do so. There being no discernible ambiguity in the instant case, the intention of the testatrix is the guiding and determining factor and the will cannot be construed by conjecture or surmise as to such intention, nor can the court reconstruct or alter the will according to notion of what the testatrix should have done. Filkens v. Gurney, Fla.App.1959, 108 So.2d 57; In re Martin’s Estate, Fla.App.1959, 110 So.2d 421. Based on the clear intent of the testatrix, the corpus of the trust cannot be invaded without proof of the condition precedent, i. e., “ * * * only after legal proof of the inability upon his father to so support my son, * * * ”.
The record on appeal does not show the father is legally unable to pay, but shows just the opposite, for the appellees admit the father has paid his son’s tuition since July, 1960 and is presently doing so. The condition precedent of the trust not having been established, we reverse the findings of the chancellor and direct that he dismiss the petition.
Reversed with directions.