*865 ON MOTION FOR REHEARING
DANAHY, Judge.
Although we deny the appellant’s motion for rehearing or, in the alternative, for certification of the questions presented in this case to the Florida Supreme Court, we take this opportunity to explain why we believe that our affirmance is not in conflict with the decision of the Florida Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
One of the assets of the marital partnership dissolved in this case consisted of the remaining installments due under the “Cre-meens Manor and Warehouse Contracts,” which for brevity we will call simply “the contracts.” This asset came into being when the appellee made an installment sale or sales of property titled in his name and known as the Cremeens Manor and Warehouse. The record does not provide us with details such as the lengths of the remaining terms of the contracts, the amounts of the unpaid balances, or the amounts and payment dates of the remaining installments due under the contracts. The parties indicate in their briefs, however, that some installments remain due and are payable to the appellee at intervals in the future.
In addition to an award of permanent periodic alimony and other awards, the trial judge awarded the appellant a remainder interest in the contracts consisting of that portion of the contracts unpaid at the ap-pellee’s death, should he predecease the appellant. The final judgment makes it clear that the trial judge intended that the appel-lee have the unrestricted right to the payments under the contracts during his lifetime, with no restriction on his use of the funds. The final judgment states that “if the wife remarries or predeceases the husband, this interest terminates.” The appellant argues that this award conflicts with the holding in Canakaris v. Canakaris; specifically, the following language in that opinion:
[Tjhere ... arise[s] upon the entry of a final judgment of a lump sum award a vested right which is neither terminable upon a spouse’s remarriage or death nor subject to modification.
Id. at 1201.
We do not see the conflict suggested by the appellant and decline to certify this or any other question in this case to the supreme court.
In the instant case, several rules of law converge. They are:
1. The supreme court’s description of lump sum alimony in Canakaris v. Canakaris as a vested right which is neither terminable upon a spouse’s remarriage or death nor subject to modification.
2. The rule, described by the supreme court as clearly established and settled, that the obligation to pay alimony dies with the obligated party. O’Malley v. Pan American Bank, 384 So.2d 1258 (Fla.1980).
3. The view adopted by three of our sister courts that requiring the obligated party to provide security, such as life insurance, to the recipient against the risk of the obligor’s death violates the rule that the obligation to pay alimony dies with the obligor. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975); Putnam v. Putnam, 154 So.2d 717 (Fla. 3d DCA 1963). But cf. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980) (policies of life insurance may be awarded as lump sum alimony).
4. The legislative command in section 61.08(2), Florida Statutes (1981), that in determining a proper award of alimony, the trial court shall consider all relevant economic factors, including but not limited to those listed, and may also consider any other factor necessary to do equity and justice between the parties.
These rules of law are difficult but not impossible to accommodate in a case, such as this, where the following factors are present:
1. The death of the obligated spouse is a real and substantial economic risk to the spouse to whom an award of permanent periodic alimony is made.
*866 2. The economic situation of the obligated spouse does not support the award of a substantial asset outright to the recipient spouse sufficient in amount to provide protection against the risk of the obligated spouse’s death.
3. The obligated spouse holds an asset with characteristics which permit the award of that asset to the recipient spouse as a vested and present right, but with possession and enjoyment postponed until the occurrence of a future event— that is, the death of the obligated spouse, if the recipient spouse survives and has not remarried.
In Stith v. Stith, this court approved the proposition that a trial judge may properly address the problem of the economic risk to a wife of the husband’s death following the entry of a final judgment awarding permanent periodic alimony to the wife. We believe that proposition to be embodied in the 1978 amendment to section 61.08, Florida Statutes (1981), which made clear that all relevant economic factors are to be considered in determining an alimony award, plus any other factor necessary to do equity and justice between the parties. We note that the 1978 amendment apparently was not applied in Canakaris.
Furthermore, we believe that the award made by the trial judge in this case does not conflict with the supreme court’s description of lump sum alimony in Canakaris. The appellant’s award of a remainder interest in the contracts gave her a vested and present right. That right does not terminate upon the appellant’s remarriage or her predeceasing the appellee; rather, her enjoyment of the right is made conditional upon the appellant’s surviving the appellee and not remarrying. If there is a present right to a future possession, though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate. Wallace v. Wallace, 118 Fla. 844, 160 So. 377 (1935). As we observed in Stith, where a lump sum alimony award is justified, such an award can provide an ex-wife with sufficient security to minimize her risk that her sole means of support will be lost to her if her ex-husband should die, and an award designed for that purpose is appropriate. We believe a lump sum alimony award was justified in the present case and approve the award as fashioned by the trial judge; that is, a remainder interest in the Crenieens Manor and Warehouse contracts, the enjoyment of which depends upon whether the appellant survives the appellee and remains unmarried.
We have considered all other questions posed by the appellant and find them without merit.
The appellant’s motion for rehearing or certification is denied.
HOBSON, A. C. J., and CAMPBELL, J., concur.