PER CURIAM.
Appellant seeks reversal of a final judgment entered in a dissolution of marriage action. Several points are raised on appeal upon which appellant relies for reversal. Among these is appellant’s contention that the court erred in requiring him to make the mortgage payments on the marital residence, as well as the payment of taxes and insurance thereon, because such requirement in effect enhances the appellee’s equity in her half of the property which is now to be owned by both as tenants in common. Appellant relies on Maroun v. Maroun, 277 So.2d 572 (Fla. App.1973), in support of his contention. Maroun is not controlling in the case at bar. Here appellant occupies the former marital residence which is now owned by him and his former wife as tenants in common. While it is true that the mortgage payments made by him will serve to enhance her equity in the property, it is equally true that he is occupying her property. in addition to his own, since by the terms of the final judgment he was permitted to remain in possession of and enjoy the use of the former marital residence. In these circumstances, it cannot be said that the trial judge abused his discretion in the entry of the final judgment.
It appearing that the appellee has sufficient funds with which to discharge her own fee obligation to her attorney, motion for attorney’s fees filed by appellee is denied.
Accordingly, the judgment reviewed herein is affirmed.
SPECTOR, Acting C. J., and BOYER and McCORD, JJ., concur.