154 So.2d 717 (1963)
Mary M. PUTMAN, Appellant,
v.
James H. PUTMAN, Appellee.
No. 62-573.
District Court of Appeal of Florida. Third District.
June 18, 1963.
*718 George J. Baya and L.L. Robinson, Miami, for appellant.
Brigham & Dence, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, J.
BARKDULL, Judge.
The appellant instituted a divorce action against the appellee, seeking a divorce, custody of the minor child of the parties, alimony, support, attorneys' fees, suit money; that she be declared to be the sole owner of the residence of the parties, and that the appellee be required to convey his interest in same to her. Following the filing of an answer and numerous discovery proceedings, the matter came on for final hearing before the chancellor, who heard considerable testimony from 9 witnesses and received in evidence numerous exhibits. Thereafter, he rendered a final decree granting the divorce sought, awarding alimony and support, leaving the title to the residence as it was at the time of the institution of the suit[1], requiring the appellee to continue the mortgage, insurance and tax payments on the residence, make major repairs, and permitting the appellant and minor child to reside in the residence until such time as the minor child became 21 years of age or self-supporting [whichever occurred first] and requiring the appellant to maintain and make minor repairs. He directed that the appellee continue his insurance program as it was, with the exception of one policy, both as to amount and beneficiaries. He also directed that he continue to carry Blue Cross and Blue Shield policies for the benefit of the appellant and the minor child; awarded $2,000.00 attorneys' fees to the appellant's attorneys, and made certain other rulings which are not material to this appeal and reserved jurisdiction "for such other further proceedings as may become necessary, meet or just."
Appellant has preserved 5 points of alleged error in this appeal. First, that the chancellor erred in failing to require the appellee to reimburse her for funds expended in acquiring the residence and furniture of the parties. Second, that the court erred in failing to require the appellee to assign and transfer to her certain alleged separate property which she had at the time of the marriage. Third, that the court erred in failing to require the defendant to reimburse her for sums allegedly expended by her from her separate estate. Fourth, that the court erred in requiring the plaintiff to pay certain expenses in connection with the cost of maintenance and repair of the residence. Fifth, that the court erred in awarding only $2,000.00 as attorneys' fees, which was alleged to be grossly inadequate.
The appellee filed cross assignments of error and has preserved the following points for review: 1) The court erred in permitting the appellant and the minor son *719 to reside in the premises until the child reaches 21 years of age or becomes self-supporting. 2) The court erred in decreeing that the defendant pay $150.00 per month alimony, pay premiums on his life insurance [which carried his divorced wife as first beneficiary], and required him to carry Blue Cross and Blue Shield insurance protection for the appellant, plus attorneys' fees and court costs. 3) That the court erred in requiring that all intangible property should remain in joint ownership as it was at the time of the institution of the suit. 4) That the court erred in requiring the defendant to make mortgage, insurance and tax payments and repairs over $200.00 on the residence, and requiring him to continue an insurance policy which would provide for the education of the minor son; $150.00 as support and maintenance of the son, his extraordinary medical and dental expenses, and the maintenance of Blue Cross and Blue Shield policies for the child.[2]
Following a review of the extensive record, appendices and able briefs of counsel, together with consideration of oral argument, it appears that the chancellor has arrived at a fair, equitable and just final decree in almost all particulars wherein error is alleged by either party. In order for either party to secure a reversal of a portion of the final decree here under review, it is necessary for either of them to establish that there is no substantial, competent evidence to support the ruling of the chancellor or that he abused his discretion in arriving at the amounts and the sums he fixed therein. This, save and except as hereinafter indicated, neither the appellant nor the appellee has done. Therefore, the final decree should be affirmed under the authority of Durham v. Durham, 137 Fla. 506, 188 So. 609; Bennett v. Bennett, Fla. App. 1962, 146 So.2d 588.
Touching briefly on the major points which appear to be raised by the points presented by both parties, the title to the residence was an estate by the entireties. The record does not demonstrate that the chancellor erred in failing to find that the appellant, through her efforts, had acquired a special equity in the residence which was placed in both their names. Therefore, under the statutory law of this State, the chancellor could do no more than find that they would be tenants in common following the final decree of divorce and that the property would be subject to partition proceedings. No error has been demonstrated in requiring the husband to continue the mortgage, insurance and tax payments on the residence during the period that same is occupied by his minor son and, in the event that this provision of the final decree were reversed, this cause would have to be remanded to the chancellor to determine whether or not he would make an adjustment in the support provisions for the minor son. See: May v. May, Fla.App. 1962, 142 So.2d 110. Likewise, it appears completely reasonable to require the appellant to maintain a normal upkeep on the home during the time she resides therein with the minor child. As to the division of intangible personal property, although it was not sought in the original complaint it appears to have been considered by the chancellor as he decreed that title should remain as it was at the time of the institution of the suit. No error is made to appear on this ruling. It left certain stocks and bonds in his name, certain in hers, and certain in their joint names. As to the attorneys' fees, appellant contends it is inadequate; the appellee contends it is excessive. This was a discretionary matter with the trial court. Neither party has made it appear that he abused his discretion in fixing the fee he awarded. Therefore, *720 it should be affirmed under the principles enunciated in Stone v. Stone, Fla. App. 1957, 97 So.2d 352; Turney v. Turney, Fla.App. 1963, 149 So.2d 83. As to the provisions relative to the several types of insurance which the appellee was required to maintain, together with support provision for the minor child and his extraordinary medical and dental expenses, the record does not reveal any error committed by the chancellor save and except, possibly, as to requiring the appellee to continue the hospitalization and medical insurance referred to in the decree as "Blue Cross and Blue Shield policies", in light of this court's decision in Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291. However, it may be that the nature of the policies are such that no reduction in premiums would be occasioned by the removal of the appellant's rights as a beneficiary thereunder and, it appearing that the chancellor has reserved jurisdiction in all particulars over the subject matter within his final decree, it would appear that the matter could be called to his attention upon appropriate petition. In the event the maintenance of this policy on the appellant entails an additional expense to the appellee, it should be eliminated. As to the requirement that the appellee maintain his life insurance program as indicated in the final decree, there appears to be no authority which would warrant a chancellor to require a former husband to maintain insurance on his life for the benefit of his former wife in the event he should predecease her. Normally, alimony terminates upon the death of the former husband. Although it might have been proper for the chancellor to have required the appellee [as the father of the minor child] to maintain this insurance program with the child as the beneficiary [in this connection see Riley v. Riley, Fla.App. 1961, 131 So.2d 491], he appears to have been in error in requiring that the insurance be maintained with the appellant as the first beneficiary.
Therefore, in accordance with the views expressed in this opinion, the final decree here under review is affirmed in all respects, except as to the provision relative to the insurance as indicated, and this cause is remanded to the chancellor for further determination of these items.
Affirmed in part; reversed in part, with directions.
NOTES
[1] Being an estate by the entireties, it became a tendency in common, pursuant to the provisions of § 689.15 Fla. Stat., F.S.A., and the chancellor recognized the right of either party to seek partition [which would be in accord with Tompkins v. Tompkins, Fla.App. 1962, 145 So.2d 769].
[2] Neither party, in setting out their points on appeal, has complied with the provisions of Rule 3.7f(3), Florida Appellate Rules, 31 F.S.A., in reference to stating "points involved, in a clear and concise manner". See: Serotkin v. Flavin, Fla. App. 1959, 111 So.2d 483; Carrol v. Hertz Corporation, Fla.App. 1961, 132 So.2d 624.