219 So.2d 749 (1969)
Benjamin BILDNER, Appellant,
v.
Mabel B. BILDNER, Appellee.
Nos. 68-154, 68-155, 68-173.
District Court of Appeal of Florida. Third District.
March 4, 1969.
Rehearing Denied March 24, 1969.
Klein, Moore & Kline, Miami Beach, Jepeway & Gassen, Miami, Joe N. Unger, Miami Beach, for appellant.
*750 Nicholson, Howard, Brawner & Lovett, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and BARKDULL, JJ.
CHARLES CARROLL, Chief Judge.
The appellant Benjamin Bildner was the defendant below, in a suit brought against him by his wife, the appellee Mabel B. Bildner, for divorce and alimony. Three appeals filed by the husband were consolidated here. Appeal No. 154 is from the final decree, No. 155 is from the amended final decree, and No. 173 is from a separate order entered for suit money and attorney fees.
The cause was vigorously contested. A record of approximately 1,000 pages was constructed in the trial court, including some 800 pages of testimony. Trial before the court resulted in a decree and an amended decree which granted a divorce, and which ordered the defendant husband to pay the wife $40,000 in cash; transfer to her his interest in the residence premises (which they had owned as tenants by the entireties); continue to pay premiums ($4,110.50 annually) on a $50,000 insurance policy on his life, the proceeds of which were to be payable to the wife on the husband's death; and to pay $18,500 for the wife's attorney fees.
The appellant does not seek reversal of the granting of a divorce against him but contends that error was committed in four respects: first, in awarding alimony to the wife, contending the evidence showed the wife was guilty of adultery; second, by setting aside and failing to observe the provisions of an antenuptial agreement; third, by divesting the husband of his interest in the residence property; and fourth, that the amount allowed for attorney fees was excessive.
On the issue at trial relating to adultery, it was found that the husband's charge of adultery of the wife had not been proved. On reviewing the conflicting evidence relating to that issue, we observe no reason to disturb that ruling of the trial court. It was within the province of the trier of facts to resolve the conflicts in the evidence, and his finding has not been shown to be without evidentiary support or to be against the manifest weight of the evidence on that issue.
No error was committed by ignoring the antenuptial agreement, as the circumstances relating to the making thereof clearly were such as to render it unavailing, on authority of Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17.
In the amended final decree, the trial judge held that alimony should be awarded in lump sum, in view of the circumstances presented. Those included the advanced age of the husband (he was 75, the wife 49), recent transfers made by the husband to trusts and by gifts, which had reduced his worth from an amount in excess of $1,000,000 to approximately $400,000, and the fact, as found by the trial court, citing Yandell v. Yandell, Fla. 1949, 39 So.2d 554, that the husband had financial ability to respond to an award in gross. After having so held that lump sum alimony should be awarded, the amended final decree, in separate successive paragraphs, ordered that the plaintiff wife be granted a divorce; that the defendant husband pay her $40,000 in cash; that the husband deed over to the wife his interest in the residence premises, thereby making and declaring her to be the sole owner of such property; that the husband pay taxes and expenses of upkeep of the property and transfer to the wife his interest in the furnishings and personalty thereon; and that the husband transfer his interest in certain personal property to the wife. In those paragraphs directing the husband to make the cash payment and to transfer property to the wife, the term "alimony" or "lump sum alimony" was not used.
Upon viewing those provisions of the amended decree in light of the ruling which preceded them that lump sum alimony *751 would be awarded, we hold the contention of the appellant that the trial court committed error in divesting him of his interest in jointly owned property, must be rejected.
The appellant relies on the rule that as to property owned by them as tenants by the entireties, in the absence of the wife establishing an equity in the husband's interest sufficient to justify the transfer thereof to her (Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727, 728; Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356), upon decreeing divorce of the parties the court should not disturb their interests therein as tenants in common, in which they hold such property upon and following divorce. See § 689.15 Fla. Stat., F.S.A.; Valentine v. Valentine, Fla. 1950, 45 So.2d 885, 886; Latta v. Latta, Fla.App. 1960, 121 So.2d 42. However, that rule is not applicable here because this case comes within an exception to the rule, that upon the granting of a divorce the court may award the husband's interest in such property to the wife as lump sum alimony. Reid v. Reid, Fla. 1954, 68 So.2d 821; Killian v. Killian, Fla. App. 1957, 97 So.2d 201; Bailey v. Bailey, Fla.App. 1961, 126 So.2d 165, 166; Bergh v. Bergh, Fla.App. 1961, 127 So.2d 481, 487; Gonzalez v. Gonzalez, Fla.App. 1963, 156 So.2d 206, 207; Webb v. Webb, Fla.App. 1963, 156 So.2d 698, 699.
If the amended decree in this case had designated the award of $40,000 cash as the lump sum alimony which was allowed to the wife, without so classifying the property transfer, then it could be said that the latter provision was not lump sum alimony, or a part of the lump sum alimony, and therefore was improper under Valentine v. Valentine, supra. Here the separate awards to the wife of money and property, preceded by the holding of the trial court that alimony was to be allowed in lump sum rather than in installments, impels a conclusion that the ordered real and personal property transfers to the wife, together with the money allowance to her, constituted lump sum alimony.
In Reid v. Reid, supra, as in this case, the lump sum alimony awarded consisted of a substantial amount of money and also the transfer to the wife of the husband's interest in property they had held as tenants by the entireties. In approving the latter as lump sum alimony in that case, the Supreme Court said:
"The first question may be simply stated: Did the chancellor have the power to command the appellant to convey his interest in the property which was held as an estate by the entireties at the time the decree was entered?

* * * * * *
"Clearly, under Sec. 65.08, Florida Statutes 1951, and F.S.A., the chancellor had the power to order payment of alimony `in lump sum.' He had also the power to require the conveyance by the husband to the wife of real property owned entirely by the husband. See Bezanilla v. Bezanilla, Fla., 65 So.2d 754. If the chancellor can order the conveyance of property the husband owns outright there is no reason to hold that he cannot order the man to convey to the woman his undivided interest in property they own as tenants in common."
We find merit in the appellant's contention that the court committed error in the provision of the amended decree which required the husband to pay annual premiums on an insurance policy on his life, which was owned by the wife and on which she was the named beneficiary. The substantial premium payments which the husband was ordered to continue for the rest of his life were not alimony payments, but, as recited in the amended decree, that provision was inserted to provide for the wife after the husband's death, and it was referred to in the amended decree as being "in addition" to awarding (lump sum) alimony.
We affirm the allowance of attorney fees. Both parties presented evidence relating thereto. The amount allowed by the court was near the lower range of the *752 figures presented by the defendant's witness as to a reasonable fee. For that reason, and because of the degree to which the case was contested and the extensive and prolonged proceedings in the trial court, we find no basis on the record for reversal or modification of the attorney fee allowance.
Except for the provision in the amended decree relating to the life insurance policy, which we reverse, the decree and order appealed from are affirmed.
Affirmed in part and reversed in part.