277 So.2d 572 (1973)
Joseph Abdo MAROUN, Appellant,
v.
Ing-Marie MAROUN, Appellee.
No. 72-1054.
District Court of Appeal of Florida, Third District.
May 8, 1973.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
*573 Carr & Warren, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Appellant, respondent below, seeks review of a final judgment awarding the appellee, petitioner below, alimony, child support, and equity in the marital residence.
On July 27, 1972 petitioner-wife was granted a dissolution of marriage. The court awarded her the following: (1) custody of the six year old child, (2) $100 per week alimony and child support to November 1, 1972, (3) $75 per week thereafter, (4) the interest of respondent-husband in their marital residence as lump sum alimony, and (5) attorney's fees plus costs. Petitioner was ordered to convey to appellant-husband, her interest in the improved parcel of Lake Placid real estate which was held as an estate by the entireties.
Appellant-husband contends that the lump sum alimony and periodic alimony and child support are excessive in amount in view of the needs and ability to pay and, therefore, are error and abuse of discretion. We hold to the contrary.
First, there is ample authority that a court granting a dissolution of marriage can award the husband's interest in property, which the husband and wife owned as tenants by the entireties, to the wife as lump sum alimony. F.S. § 61.08 F.S.A.; Kilian v. Kilian, Fla.App. 1957, 97 So.2d 201; Bildner v. Bildner, Fla.App. 1969, 219 So.2d 749.
Second, there was sufficient evidence to sustain the amount awarded for alimony and child support based upon the testimony elicited at the hearing. Appellant, a mechanical engineer, is drawing $200 to $300 per week out of a business of which he is a 50% owner. He presently owns a 1972 Cadillac automobile and recently sold a 1970 Lincoln automobile. He owns on Lake Placid a parcel of improved property which is held with his wife as an estate by the entireties. He also owns another lake lot which is vacant. Further, petitioner-wife has no income and no assets other than an interest in the two parcels of real property held with her husband as an estate by the entireties.
It is well established that in order to obtain a reversal of any portion of a final dissolution of a marriage judgment dealing with alimony, the appellant must carry the burden of showing an abuse of discretion. See Milander v. Milander, Fla. App. 1968, 208 So.2d 876 and cases cited therein. We find that appellant-husband has failed to carry his burden. Accordingly, that part of the judgment awarding lump sum alimony and periodic alimony and child support is affirmed.
On cross-appeal petitioner-wife contends it was error to order her to convey to the husband the interest of the wife in the Lake Placid parcel of improved real estate owned by the parties as an estate by the entireties. We agree.
It is presumed that a gift to the wife is intended when property is acquired with funds of the husband and taken in the joint names of the husband and wife. Thus, it follows that it was error in the case sub judice for the lower court to require the petitioner-wife to convey to her respondent-husband her interest in the improved Lake Placid property which was acquired with the husband's funds, absent evidence to rebut the presumption that in taking the property in the joint names of the parties, a gift to the wife was intended. See Smith v. Smith, Fla.App. 1965, 177 So.2d 351 and cases cited therein.
The judgment in the case at bar should have provided that the parties hold the interest in the improved parcel of Lake Placid real estate as tenants in common, and further contained an appropriate provision with regard to payments on the mortgage, taxes, and other items so that the *574 equity of one of the parties would not be increased by any expenditures made by the other party.
Accordingly, that part of the judgment that deals with the interest of the wife in the improved Lake Placid property is reversed. Otherwise the judgment is affirmed, and the cause is remanded for further appropriate proceedings.
We would like to stress one final point in response to appellant's contention in oral argument that he does not now have the financial ability to make the payments as required by the trial court. If, in fact, the financial circumstances of the respondent-husband have changed since the hearing, he always has the opportunity to seek modification of the judgment pursuant to F.S. § 61.14 F.S.A.
Affirmed in part, reversed in part and remanded for further proceedings in accordance with the views expresed herein.