299 So.2d 99 (1974)
Hartman G. WILBUR, Appellant,
v.
Anna M. WILBUR, Appellee.
No. 73-1565.
District Court of Appeal of Florida, Third District.
June 28, 1974.
*100 Bryson & Berman, Miami, for appellant.
Natalie Baskin, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
This is an appeal by an ex-husband, respondent below, from a final judgment of dissolution of marriage. The judgment awarded the ex-wife, petitioner below, (1) the jointly owned marital residence and $10,000 as lump sum alimony, (2) $100 per week permanent periodic alimony, and (3) a 1965 Cadillac automobile. The chancellor awarded to the respondent-appellant ex-husband, the ex-wife's joint interest in the business and the property upon which the business was located. In addition, appellant was directed to obtain an insurance policy wherein appellee, ex-wife, is the sole beneficiary in the amount of $25,000 to insure payment of her future periodic alimony. Thereafter, after a hearing was held thereon, the chancellor entered a separate order awarding the ex-wife the sum of $2,000 for attorney's fees plus costs. Respondent, ex-husband, appeals therefrom.
Appellant first contends that the chancellor erred in partitioning the parties' assets by imposing reciprocal property awards in the absence of pleadings complying with Chapter 64, Florida Statutes.
It is well established that upon the granting of a dissolution of marriage, the court may award the husband's interest in the marital home. § 61.08, Fla. Stat., F.S.A.; Maroun v. Maroun, Fla.App. 1973, 277 So.2d 572; Linares v. Linares, Fla.App. 1974, 292 So.2d 63. Thus, we will not disturb the award of the marital residence to appellee, ex-wife, in the case sub judice.
However, we do find error on the part of the chancellor in awarding to the appellant his ex-wife's joint interest in the business and the property upon which the business is located. If either of the parties to a dissolution of marriage proceeding desires his jointly held property divided in a manner other than that provided by § 689.15, Fla. Stat., F.S.A., he must agree to the manner of the division or properly plead a right to partition. Niemann v. Niemann, Fla.App. 1974, 294 So.2d 415 (Opinion filed May 17, 1974) and cases cited therein. The record in the instant case clearly reflects an absence of an agreement of the parties and an appropriately pleaded prayer for partition. By virtue of § 689.15, Fla. Stat., F.S.A. the subject business and property owned jointly by the appellant and appellee during the marriage automatically became held by the parties as tenants in common[1] after the dissolution of marriage. Harder v. Harder, Fla.App. 1972, 264 So.2d 476. Therefore, we hereby reverse the award of the appellee's interest in the business and the property upon which the business is located to the appellant.
Respondent secondly argues that the court erred in directing that he obtain a life insurance policy wherein petitioner is the sole beneficiary. We find this point well taken.
In the absence of an agreement or stipulation, alimony normally terminates upon the death of the former husband. We conclude that the chancellor's order that the respondent-appellant obtain and maintain an insurance policy for the benefit of the petitioner, ex-wife, is improper as such is tantamount to an award of alimony from and after appellant's death which is unauthorized. See Putman v. Putman, Fla.App. 1963, 154 So.2d 717. Accordingly, we reverse that part of the judgment requiring respondent to obtain an insurance policy.
Appellant also contends that the award of attorney's fees in the amount of $2,000 was excessive. We cannot agree.
*101 A review of the record on appeal reveals there was competent substantial testimony contained therein to support the award by the chancellor of $2,000 in attorney's fees. Appellant having failed to make it appear that the chancellor abused his discretion in fixing the fee awarded, we hereby affirm the award.
Last, in light of our opinion that the petitioner-appellee, ex-wife, shall retain her joint interest in the business and the property upon which the business is located, we remand the cause with directions that the chancellor review the equities of the award of $10,000 as lump sum alimony and $100 per week as permanent periodic alimony.
For the reasons cited hereinabove, the judgment herein appealed is affirmed in part, reversed in part and remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] Of course, the above rule is not applicable to the award by a chancellor to the wife of the husband's interest in the marital home. This award comes within the exception to the above rule. Harder v. Harder, Fla.App. 1972, 264 So.2d 476.