298 So.2d 425 (1974)
Robert Franklin FAIDLEY, Appellant,
v.
Dorothy Ann FAIDLEY, Appellee.
No. 74-193.
District Court of Appeal of Florida, Third District.
July 9, 1974.
*426 Robert D. Zahner, Coral Gables, for appellant.
Alfred Kreisler, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from a judgment of dissolution of marriage. The appellant herein questions the amount of alimony awarded; the awarding to the appellee certain jointly owned property [formerly the home of her father]; and the requiring of appellant to obtain a life insurance policy with the appellee named as beneficiary.
The award of alimony is a factual question based upon the needs of the appellee and the ability of the appellant to pay. It appears the record sustains the trial court's award and that there was no abuse of judicial discretion. Mufson v. Mufson, Fla.App. 1971, 245 So.2d 110; King v. King, Fla.App. 1973, 271 So.2d 159.
The award to the appellee of her father's home would be sustainable under Walton v. Walton, Fla.App. 1974, 290 So.2d 110, wherein this court affirmed a similar type award.
As to the life insurance provision, it appears the trial court was in error. This appears to be an attempt by the trial court to provide alimony after death. Alimony normally terminates upon death, and the trial court has no authority to require the appellant to purchase a life insurance policy with the appellee as beneficiary. See: Putman v. Putman, Fla.App. 1963, 154 So.2d 717; Bildner v. Bildner, Fla.App. 1969, 219 So.2d 749; Wilbur v. Wilbur, Fla.App. 1974, 299 So.2d 99 (opinion filed June 28, 1974).
Therefore, so much of the final judgment as relates to alimony and the award of the home is affirmed. That portion of the final judgment requiring the appellant to provide life insurance is reversed, with directions to the trial judge to strike this provision from his final judgment.
Affirmed in part; reversed in part, with directions.