310 So.2d 438 (1975)
Maurice A. PERKINS, Appellant,
v.
Edna B. PERKINS, Appellee.
No. 74-1003.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
*439 William J. Neale, Melbourne, for appellant.
Hubert C. Normile, Jr., Nelson & Normile, P.A., Melbourne, for appellee.
DOWNEY, Judge.
The respondent husband appeals from those aspects of an amended final judgment of dissolution which, inter alia, (1) awarded the jointly owned marital domicile to the wife as partial lump sum alimony, (2) determined the wife was entitled to a special equity in the husband's business, (3) required the husband to maintain in effect certain life insurance and hospitalization insurance policies for the benefit of the wife and children.
We find adequate support in the record for the award of lump sum alimony. See cases cited at 10A, Fla.Jur., Dissolution of Marriage, etc., § 67. Similarily there is sufficient evidence to justify a finding that the wife has a special equity in the husband's business.
We deem the provision of the final judgment requiring the husband to "maintain the life insurance policies presently in effect on the lives of the Respondent [husband], Petitioner [wife] and the children of the parties ..." to be overly broad. The chancellor has no authority to require a husband to maintain life insurance for the benefit of the wife after final judgment. Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291; Putman v. Putman, Fla.App. 1963, 154 So.2d 717; Faidley v. Faidley, Fla.App. 1974, 298 So.2d 425; Wilbur v. Wilbur, Fla.App. 1974, 299 So.2d 99. On the other hand, the court may require the husband to maintain life insurance for the benefit of his children. Bosem v. Bosem, Fla. 1973, 279 So.2d 863.
Accordingly, we affirm the final judgment in all respects except as to the provisions thereof relative to life insurance for the wife. Upon remand the chancellor is directed to amend the final judgment so as to eliminate therefrom any provision requiring the husband to maintain life insurance for the benefit of the wife.
Affirmed in part, reversed in part, and remanded.
OWEN, C.J., and MAGER, J., concur.