320 So.2d 455 (1975)
Howard M. PLANT, Appellant,
v.
Louise Donna PLANT, Appellee.
Nos. 74-1461, 75-152.
District Court of Appeal of Florida, Third District.
September 16, 1975.
Rehearing Denied November 4, 1975.
*456 Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for appellant.
Fine, Jacobson, Block & Semet, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
In these consolidated appeals ex-husband seeks review of certain provisions of a final judgment of dissolution of marriage *457 and subsequent order wherein ex-wife was awarded attorney's fees and costs.
After approximately ten years of marriage, Howard Plant, appellant, petitioned for a dissolution of his marriage and entry of a court order approving the antenuptial agreement entered into by the parties on September 18, 1964. Respondent, Louise Plant, filed her answer alleging the above agreement to be a legal nullity and void, and a counterclaim seeking, inter alia, an award of the marital residence.
After final hearing, the chancellor entered a final judgment dissolving the marital bonds between the parties and awarding Louise custody of her two minor children by a prior marriage who were adopted by Howard Plant.
In addition, the judgment contained extensive findings upon which the chancellor based his conclusion that the September 18, 1964 prenuptial agreement was void. Thereupon, the chancellor provided, inter alia, that (1) petitioner, Howard Plant, pay to the respondent, Louise Plant, $35,000 per year as alimony, payable monthly in advance until she should die or remarry; (2) Howard pay to Louise the sum of $10,000 per year per child for support until such time as said children attain the age of 21; (3) Howard pay all dental and medical expenses for Louise and the two children; and (4) Howard convey to Louise all his interest in the marital home, the furnishings, furniture and fixtures therein, and the vacant lot adjacent to the residence.
After the conclusion of a full evidentiary hearing thereon, the chancellor awarded Louise $100,000 in attorney's fees and $5,521.78 as costs.
These consolidated appeals follow.
Appellant first urges as error the chancellor's invalidation of the antenuptial agreement.
A valid antenuptial agreement contemplates a fair and reasonable provision therein for the wife, or absent such a provision, a full and frank disclosure to the wife before the signing of the agreement, of the husband's worth, or absent such a disclosure, a general and approximate knowledge by her of the prospective husband's property. Del Vecchio v. Del Vecchio, Fla. 1962, 143 So.2d 17.
The provision for appellee, ex-wife, of $15,000 per year being patently an unfair and unreasonable provision in light of appellant's wealth and standard of living at the time the agreement was executed, it was within the province of the chancellor to determine as matter of fact whether the appellee, seeking to set aside the antenuptial agreement, had some understanding of her rights. Del Vecchio, supra.
The evidence with respect thereto amply supports the finding of the chancellor that (1) appellee's allegedly independent counsel was not representing her, but in reality was acting in the best interest of the appellant; (2) said counsel did not advise the appellee competently and independently of the rights she was waiving; (3) appellant's 1963 income tax return showing a net taxable income of $16,000 was deceiving and did not reflect adequately the true worth of appellant; (4) without any prior notice, appellee on the day preceding her wedding was presented and requested to sign the agreement; and (5) the agreement itself tended to facilitate divorce or separation as it permitted appellant by his unilateral act of leaving the appellee to deprive her of the homestead should he die and to limit her to the inadequate alimony provisions thereof.
In addition, the fact is uncontested that appellant failed to obtain a $200,000 life insurance policy on his life for the benefit of appellee as required by the agreement. Appellant thereby abandoned said agreement. See McMullen v. McMullen, Fla.App. 1966, 185 So.2d 191.
Thus, appellant's argument that there was no competent substantial evidence sustaining *458 the findings of the chancellor in nullifying the subject agreement is devoid of merit.
Appellant next contends that the chancellor exceeded his jurisdiction by transferring to appellee title of the marital residence and its contents solely owned by the appellant and the vacant lot adjoined thereto. We find this point well taken.
The chancellor found that appellant and appellee entered into a joint contract to purchase the marital residence and the appellant in taking title in his own name is deemed to have taken title as trustee for himself and the appellee. Thereupon, the property and furniture was determined by the chancellor to be an estate by the entireties. Assuming arguendo that this determination as to the nature of the property is correct (which we do not), we conclude that the chancellor was in error in directing appellant to transfer to the appellee all of his interest in the marital residence, the adjoining lot, and household furnishings and fixtures. The established case law is that an award to the wife of the husband's interest in property held as tenants by the entireties is proper where and to the extent she is able to establish the existence of a special equity therein in her favor, and where a transfer of the husband's interest in such property to the wife is ordered by the court as lump sum alimony. Owen v. Owen, Fla. 1973, 284 So.2d 384 and cases cited therein. It affirmatively appearing that the award of the appellant's interest in the subject property was not considered as lump sum alimony nor was it based upon the existence of a special equity of the appellee, we hereby reverse that portion of the final judgment, leaving appellant, Howard Plant, as the sole owner and title holder of the marital residence, the furnishings and fixtures therein and the vacant lot adjacent thereto.
The judgment is amended hereby to provide that Louise Plant shall have the right of possession, occupancy and use of the marital home including its furniture, furnishings and fixtures for the purpose of residing therein with the two minor children of the parties until such time as both children attain the age of majority. From the time of the effectiveness hereof, appellant shall be responsible for the monthly payments on the mortgage, taxes, insurance, and the necessary repairs and upkeep. Cf. Venzer v. Venzer, Fla.App. 1975, 308 So.2d 544.
We next turned our consideration to argument of appellant that the award of $35,000 per year alimony to the appellee "until she should die or remarry" was erroneous. This point also has merit.
Appellant claims that the phrase "until she should die or remarry" in effect binds the estate of appellant to continue the alimony after his demise. A chancellor is without authority to award alimony as a charge against the estate of a deceased husband during the lifetime of the wife unless the husband has so stipulated or agreed thereto. Ford v. First National Bank in St. Petersburg, Fla.App. 1972, 260 So.2d 876; Wilbur v. Wilbur, Fla.App. 1974, 299 So.2d 99. Appellant has not entered into such stipulation or agreement and we conclude that the chancellor acted in excess of his jurisdiction with respect thereto.
Additionally, we are in accord with appellant that the amount of the alimony award ($35,000 per year) is excessive. In view of our holding that appellee will continue to have possession, occupancy and use of the marital residence with appellant being responsible for all the carrying charges, we hold that the amount of alimony to be paid to the appellee by the appellant shall be $25,000 per year payable monthly during the lifetime of the appellee or until she shall marry, with the provision that if appellant shall predecease the appellee while the obligation to pay such alimony is in effect, the obligation to pay same would terminate thereupon and the judgment is so amended.
*459 We finally considered appellant's two remaining points on appeal that the award of $10,000 for each of the two children as child support and the award of $100,000 to appellee's attorney and $5,561 in costs against appellant were excessive. After a careful scrutiny of the record, we find no abuse of discretion on the part of the chancellor in his determination thereof. Hence, we conclude these points of appellant, lack merit.
In all other respects the final judgment is affirmed.
Upon the authorities cited and for the reasons stated hereinabove, the judgment herein appealed is affirmed in part and reversed in part.
NATHAN, Judge (concurring in part, dissenting in part).
I concur with all aspects of the majority opinion except as to the awards of alimony and child support. I would remand the cause to the trial court to determine, by further hearing, the amount of alimony and support money now required because of the substantial change, by this court, in the disposition of the real property.