340 So.2d 1283 (1977)
David Avant LITHGOW, Appellant,
v.
Odessa W. LITHGOW, Appellee.
No. 76-14.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Rehearing Denied January 27, 1977.
*1284 Edward C. Vining, Jr., and Richard A. Burt, Miami, for appellant.
Joan A. Berk, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by David Avant Lithgow, respondent-husband, from certain portions of a final judgment of dissolution of marriage. Six points are presented on appeal, three of which will be discussed in this opinion.
The first point is that the court erred in requiring the husband to keep in effect a $100,000 life insurance policy with the minor child of the parties as irrevocable beneficiary. In our opinion, it was within the trial court's discretion and authority to order the husband to maintain his existent term life insurance policy with the child as irrevocable beneficiary. See Bosem v. Bosem, 279 So.2d 863, 865 (Fla. 1973); Moore v. Moore, 311 So.2d 152 (Fla.3rd DCA 1975). We do, however, modify this provision of the final judgment to limit the husband's requirement to maintain the life insurance policy to the extent that it is security for the support of the child in the event of the father's death, until such time as the child reaches his majority.
The husband's second point is that the final judgment is unlimited and erroneously overbroad in that paragraph 13 provides that the court
"... retains jurisdiction of the parties in the subject matter of the cause for the purpose of enforcing all terms of the Final Judgment and to enter any further orders which are equitable, appropriate and just."
Although the husband contends that the language "any further orders which are equitable, appropriate and just" is openended, we construe it to mean that such retention of jurisdiction relates only to those issues adjudicated by the final judgment. See Moore v. Moore, supra.
The final point to be discussed is that the court erred in failing to grant partition of the marital domicile, where both parties requested partition. The record reflects that although the wife's petition for dissolution of marriage and the husband's answer requested that the court partition the property of the parties, the *1285 matter of partition of the marital home was not raised by either party at the final hearing, or at any other time. In the final judgment, the court awarded possession of the marital home to the wife and minor child. Inasmuch as it is within the power and discretion of the trial court to determine from all the circumstances the best interests of the child, it was not error to award the use of the home, acquired as an estate by the entireties, to the parent having custody of the child. See Brown v. Brown, 123 So.2d 298, 300 (Fla.3rd DCA 1960).
For the reasons stated, and on the authorities cited, we find that no reversible error has been shown by the appellant. Therefore, the final judgment is affirmed and modified to the extent that the provision requiring the husband to maintain life insurance should not extend beyond the time the child reaches majority.
Affirmed.