348 So.2d 48 (1977)
Thomas G. HIGGINS, Appellant,
v.
Anne Elizabeth HIGGINS, Appellee.
No. EE-49.
District Court of Appeal of Florida, First District.
June 30, 1977.
James W. Grimsley, Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellant.
David H. Levin, Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellee.
PER CURIAM.
Although appellant challenges several aspects of the final judgment of dissolution of marriage the only provision requiring discussion is the requirement that appellant maintain a $75,000 life insurance policy in addition to a $15,000 government life insurance policy. In the case of Riley v. Riley, 131 So.2d 491 (Fla. 1st DCA 1961), we held that a trial court may require a divorced father to maintain insurance on his life as security for the payments of maintenance and support, but may not order him to establish an insurance estate for the child. Sub judice, appellant was required to pay by the terms of the final judgment $250 a month for the parties' remaining minor child. At the end of four years, when the child reaches the age of 18, appellant will *49 have been obligated to pay a total of $12,000, which is more than adequately secured by the $15,000 government insurance policy. Thus, the trial court erred in ordering appellant to maintain the $75,000 Prudential life insurance policy. In all other respects, the final judgment is affirmed.
Appellee has moved for attorney's fees for services rendered by her attorney on appeal, but that motion is denied.
AFFIRMED IN PART; REVERSED IN PART.
BOYER, Chief Judge, McCORD, J., and DREW, E. HARRIS (Ret.), Associate Judge, concur.