379 So.2d 111 (1979)
George Roy DUTTON, Appellant,
v.
Mildred DUTTON, Appellee.
No. 78-1919.
District Court of Appeal of Florida, Third District.
September 18, 1979.
Rehearing Denied October 11, 1979.
Papy, DuVal & Poole and Harvie S. DuVal, Coral Gables, for appellant.
Manners, Amoon & Whatley, Howard J. Hochman, Miami, for appellee.
Before HENDRY, HUBBART AND SCHWARTZ, JJ.
PER CURIAM.
This appeal and cross appeal arise out of an action for dissolution of marriage in the trial court. The final judgment of dissolution provides, inter alia, that the marriage is dissolved; that respondent-husband is to pay a certain sum as permanent alimony on a monthly basis; that husband is to cause the wife to be the irrevocable beneficiary of a life insurance policy of a specified amount, said policy to be kept in full force and effect and to remain unencumbered by loan, assignment or otherwise; that certain real property which has been held as a tenancy by the entireties shall become a tenancy in common.
Two of the provisions, dealing with permanent alimony and retention of a life insurance policy for the benefit of the wife, are the subjects of husband's appeal. The wife's cross appeal raises the issue of whether the trial court abused its discretion in denying the wife special equity in the former marital home and a parcel of improved real property in North Carolina.
From our review of the record, briefs and applicable law, we have determined that the award of permanent alimony to the wife constitutes an abuse of discretion *112 as it is not supported by competent evidence that she has the financial need for such support. The undisputed facts reveal that the wife was forty-four at the time of the action, in good health, with no children and no dependents; she has been fully employed prior to her marriage and throughout the twelve-year marriage. Appellee is a senior stewardess with Eastern Airlines and holds a real estate sales license. The wife has continuously maintained a savings account, initially in joint names, then later in her name only, and her employment provides free pension benefits upon her retirement.
In Thigpen v. Thigpen, 277 So.2d 583 (Fla.1st DCA 1973),[1] the court stated, at 585-586:
"We have carefully considered the pertinent evidence contained in the record but fail to find any reasonable basis on which the alimony award made to appellee can be sustained. The very heart of an alimony award is and always has been the need of the demanding spouse for support and the ability of the other spouse to respond. The new concept of the marriage relation implicit in the so-called `no fault' divorce law enacted by the legislature in 1971 places both parties to the marriage on a basis of complete equality as partners sharing equal rights and obligations in the marriage relationship and sharing equal burdens in the event of dissolution . ..
"In the case sub judice appellee-wife is in good health and has a proven capacity to engage in responsible and gainful employment sufficient to provide for her own needs."
It is our conclusion that the award of permanent alimony made to appellee constitutes an abuse of discretion under the facts of this cause and it cannot be supported by the applicable principles of law.
The appellant next challenges the propriety of that portion of the trial court's order requiring that the husband cause the wife to be the irrevocable beneficiary of a life insurance policy, to remain in full force and effect and unencumbered. We reverse that part of the final order, as it would appear to be an attempt by the trial court to provide alimony after death, without evidence of request or need by the wife. See Perkins v. Perkins, 310 So.2d 438 (Fla.4th DCA 1975); Wilbur v. Wilbur, 299 So.2d 99 (Fla.3d DCA 1974); Faidley v. Faidley, 298 So.2d 425 (Fla.3d DCA 1974).
Appellee's cross appeal urges reversal of the trial court decision that each of the parties has a one-half interest in the real properties as tenants in common under Section 689.15, Florida Statutes (1977); appellee maintains that she should have been awarded a special equity in both the marital home and North Carolina residence. We cannot agree, since the wife failed to carry the burden of proof to sustain a special equity to the exclusion of a reasonable doubt in either of the properties. See Hanzelik v. Hanzelik, 294 So.2d 116 (Fla.4th DCA 1974) and Zuidhof v. Zuidhof, 242 So.2d 739 (Fla.4th DCA 1971).
The provisions regarding permanent alimony and retention of a life insurance policy for the benefit of the appellee are reversed, and the cause is remanded to the trial court for entry of a judgment consistent with the principles discussed herein.
Therefore, we reverse and remand as to both points raised by the main appeal and affirm the trial court order as to the point raised by the cross appeal.
NOTES
[1] See also Kennedy v. Kennedy, 303 So.2d 325 (Fla. 1974); Crees v. Crees, 342 So.2d 1014 (Fla.4th DCA 1977); Roberts v. Roberts, 283 So.2d 396 (Fla.1st DCA 1973).