392 So.2d 988 (1981)
Robert EAGAN, Appellant,
v.
Peggy EAGAN, Appellee.
No. 80-142.
District Court of Appeal of Florida, Fifth District.
January 21, 1981.
*989 James A. Edwards, of Rumberger, Kirk, Caldwell & Cabaniss, Orlando, for appellant.
John M. Cain, Orlando, for appellee.
COWART, Judge.
The trial court in dissolving a marriage of 27 years awarded the wife permanent periodic alimony and the husband's interest in the marital home as lump sum alimony and ordered the husband to maintain insurance on his life for the benefit of the wife.
Based on the facts and circumstances in this case, the trial judge was well within his discretion and within the range of reasonbleness in providing for permanent periodic alimony and in awarding the home to the wife as lump sum alimony but we reverse the provision relating to life insurance.
Since alimony is a result of the common law obligation of a husband to provide necessities to his wife and the common law support obligation terminates upon the death of the husband,[1] there is now a well established rule that an obligation to pay alimony ceases upon the death of the obligor in the absence of an express agreement.[2] Since a trial judge cannot ordinarily award alimony to continue after death, provisions of dissolution judgments requiring the maintenance of life insurance for the benefit of a former spouse have been condemned as being tantamount to post-mortem alimony. Weinschel v. Weinschel, 379 So.2d 145 (Fla.3d DCA 1980); Dutton v. Dutton, 379 So.2d 111 (Fla.3d DCA 1979); Watterson v. Watterson, 353 So.2d 1185 (Fla.1st DCA 1977); Blass v. Blass, 316 So.2d 308 (Fla.3d DCA 1975); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975); Wilbur v. Wilbur, 299 So.2d 99 (Fla.3d DCA 1974); Faidley v. Faidley, 298 So.2d 425 (Fla.3d DCA 1974); Bildner v. Bildner, 219 So.2d 749 (Fla.3d DCA 1969); Putman v. Putman, 154 So.2d 717 (Fla.3d DCA 1963).
A father can be required to maintain life insurance on his own life for the benefit of his minor children but only as security for his obligation to support children not in his custody. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Higgins v. Higgins, 348 So.2d 48 (Fla.1st DCA 1977); Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977); Lithgow v. Lithgow, 340 So.2d 1283 (Fla.3d DCA 1977); Plant v. Plant, 320 So.2d 455 (Fla.3d DCA 1975); Simon v. Simon, 319 So.2d 46 (Fla.3d DCA 1975). This basis for requiring the maintenance of life insurance is not applicable in this case because the four children of *990 the parties are independent adults and the dissolution decree, after specifically recognizing that the alimony award would terminate upon the death of either party, nevertheless, ordered the husband to maintain policies of insurance on his life with the wife as the beneficiary.
The cash value of life insurance acquired during marriage is one of the assets which a trial judge may equitably distribute upon dissolution. As the trial judge here erroneously required the husband to maintain such life insurance for the benefit of the wife, we do not assume he considered its cash value in the distribution made. The insurance award provided by the trial judge in this case was designed to meet a perceived need of the wife for protection in the event of the husband's death. We note, without any suggestion, that in Stith v. Stith, 384 So.2d 317 (Fla.2d DCA 1980), the Second District Court of Appeal observed that in an appropriate case an insurance policy on the husband's life could be awarded to the wife as lump sum alimony and the husband could be required to pay the premium as a form of additional periodic alimony.
In Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980), our Supreme Court observed that in a dissolution cases apportioning assets and providing necessary support are difficult problems and that the various procedural remedies which the trial court can use to solve these problems are interrelated and, from the trial judge's viewpoint, are generally all part of one overall scheme. It follows, therefore, that when a trial judge is found to be in error as to some aspect of his disposition the cause should be remanded with sufficient authority that he may again exercise broad discretion to modify the related matters within his original plan for division and support as may be necessary in order to do equity and justice between the parties in view of the changes required by the appellate opinion. Accordingly, paragraph 5 of the final judgment relating to the policies of life insurance is stricken and this cause is remanded for the trial judge to reconsider the provisions of the final judgment relating to support and apportionment of assets and to modify them as necessary to effectuate the original plan based on the present record or on additional evidence.
Appellee's motion for attorney's fees and costs is granted and, as permitted by Florida Rule Appellate Procedure 9.400(b), the motion is remanded to the trial court to determine the reasonable value of appellee's necessary appellate legal services and the assessment of the appropriate amount of appellant's contribution thereto after considering the financial resources of both parties. § 61.16, Fla. Stat. (1979).
As modified in this opinion, the final judgment is affirmed and the cause is remanded for reconsideration consistent with this opinion.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964).
[2] O'Malley v. Pan American Bank of Orlando, N.A., 384 So.2d 1258 (Fla. 1980). A settlement agreement providing for life insurance can be an express agreement and valid and enforceable. Plant v. Plant, 320 So.2d 455 (Fla.3d DCA 1975); Gilbert v. Gilbert, 312 So.2d 511 (Fla.3d DCA 1975).