417 So.2d 813 (1982)
Paul BRISENO, et al., Petitioners,
v.
The Honorable Robert R. PERRY, etc., Respondent.
No. 82-990.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
Carl Jackson Moore, Palatka, for petitioners.
No appearance for respondent.
COWART, Judge.
During the 180 day speedy trial rule right period relating to felony charges on which petitioner had been arrested, the trial court on May 25, 1982, orally granted an oral motion of the State for a continuance and extended the rule time for exceptional circumstances. After the expiration of the speedy trial rule period but before a written or recorded order granting such continuance and extending time was filed of record, petitioner moved for a discharge. The trial court then entered, nunc pro tunc to May 25, 1982, a written order documenting the original oral order and thereupon denied petitioner's motion for discharge. Petitioner seeks a writ prohibiting the trial judge from further handling any prosecution against him on account of the conduct or criminal episode for which he was arrested, contending that the rule right period had run and that he was forever discharged under Florida Rule of Criminal Procedure 3.191(a)(1).
The question is whether the nunc pro tunc order in this case constitutes a "written or recorded order of the court" within the meaning of Rule 3.191(d)(2). We hold it does. Aside from its particular definition in Florida Rule of Appellate Procedure 9.020(g), a judgment or order is rendered and is valid and binding when it is *814 orally given, pronounced or announced, although the only competent evidence of that judicial act is a memorial or record in the form of a later written and signed order or judgment. Nunc pro tunc means "now for then" and when applied to the entry of a legal order or judgment it normally refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record is absent or defective. The later record-making act constitutes but later evidence of the earlier effectual act. See Luhrs v. State, 394 So.2d 137 (Fla. 5th DCA 1981), citing Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. dismissed, 317 So.2d 76 (Fla. 1975), which was recently again cited with approval by this court in Blais v. Blais, 410 So.2d 1365 (Fla. 5th DCA 1982).
Accordingly, we hold the nunc pro tunc order when entered was effective ab initio as of May 25, 1982, as a written or recorded order under Rule 3.191(d)(2) and, therefore, the petition for writ of prohibition is
DENIED.
ORFINGER, C.J., and DAUKSCH, J., concur.