458 So.2d 1152 (1984)
Gary B. ADAMSON, Appellant,
v.
Joann ADAMSON, Appellee.
No. 84-443.
District Court of Appeal of Florida, Second District.
November 2, 1984.
*1153 Robert G. Stokes, Bartow, and Craig M. Spanjers of Stanley, Wines, Bennett, Murphy, Spanjers & Helms, P.A., Auburndale, for appellant.
Robert L. Valentine of Jacobs & Valentine, Lakeland, for appellee.
GRIMES, Acting Chief Judge.
In this appeal from a judgment of dissolution, the husband complains that the court abused its discretion in making a $216,000 lump sum alimony award to the wife.
The parties were married for twenty-seven years. They had three children, all of whom have completed college. The husband is a corporate executive with annual earnings of approximately $105,000 plus fringe benefits. The wife had taught school as a young woman but has not been employed outside the home for the last twenty-five years. The acquisition of all of the parties' assets arose out of their marriage. At the time of the dissolution hearing both parties were forty-nine years old and in good health.
The court ordered the husband to pay permanent alimony of $1,500 per month. The court's distribution of the significant marital assets is illustrated by the following table.

 AWARD TO AWARD TO
 ASSET VALUE LIEN WIFE HUSBAND 
Home $123,000.00 $ 34,526.00 $ 88,474.00 $ -0-
Furnishings 20,000.00 None 20,000.00 -0-
IRA's 4,000.00 None 2,000.00 2,000.00
Corporate Stock
 of Employer 227,180.00 86,940.00 140,240.00
Lump Sum
 Alimony N/A N/A 50,000.00 -0-
Vested portion
 of profit
 sharing plan 55,562.32 None 55,562.32
Lump Sum
 Alimony N/A N/A 216,000.00 -0-
Marital Debts N/A 50,000.00 -50,000.00
 ___________ ___________ ____________ ___________
 $429,742.32 $171,466.00 $376,474.00 $147,802.32

*1154 The court ordered the husband to pay the marital debts. The $50,000 lump sum alimony award is to be paid in full on or before January 1989. This award was made in lieu of the wife's claim for an interest in the husband's stock. The $216,000 in lump sum alimony is payable in monthly installments of $1,500 for a period of twelve years. The judgment recites that the wife's claim to an interest in the husband's pension plan was denied in part because of that award. The husband attributes the disparity in the distribution of marital assets to the lump sum $216,000 award.
This case graphically illustrates the dilemma often faced by trial courts in dissolution proceedings. The husband's high earning capacity and the wife's lack of marketable skills, when viewed in the context of a long marriage in which the parties enjoyed a high standard of living, dictate the need of substantial support for the wife. Yet if all of the wife's support is ordered in the form of permanent alimony, that award is subject to immediate termination upon the husband's untimely demise. Aldrich v. Aldrich, 163 So.2d 276 (Fla. 1964).[1] By awarding lump sum alimony on an installment basis, the court has effectively provided for a portion of the wife's support through an ostensible distribution of marital assets.[2] On the other hand, the husband points out that if he were unable to work in the future, he could not obtain a reduction in the installments because lump sum alimony is not subject to modification. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). At first blush, the use of life insurance might appear to offer a solution, but this avenue seems to have been judicially closed. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981); Perkins v. Perkins, 310 So.2d 438 (Fla. 4th DCA 1975); Putman v. Putman, 154 So.2d 717 (Fla. 3d DCA 1963).[3]
The $216,000 in lump sum alimony cannot be sustained as an award of support on a deferred basis because it is not subject to modification for change of circumstances. Likewise, it cannot be sustained as an equitable distribution of marital assets because, as illustrated in the table, the wife will receive more than two-thirds of the property. Consequently, under the existing law the $216,000 in lump sum alimony cannot stand.[4]
In vacating this award we necessarily remand for reconsideration of the other aspects of the final judgment. The court may choose to alter the form of alimony. See Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980), petition for review denied, 392 So.2d 1378 (Fla. 1981). However, we do not suggest that a more modest installment lump sum alimony award could not be sustained[5] *1155 or that another form of equitable relief could not properly be fashioned.
Reversed and remanded.
OTT and SCHOONOVER, JJ., concur.
NOTES
[1] In First National Bank v. Ford, 283 So.2d 342 (Fla. 1973), the court held that under certain equitable circumstances a court could provide that the payment of alimony would survive the death of the obligated spouse. However, the court later receded from this position in O'Malley v. Pan American Bank, 384 So.2d 1258 (Fla. 1980). Thus, absent legislative intervention, it is clear that alimony can only become a charge against one's estate if he has agreed to it.
[2] The phraseology of the judgment suggests that the court intends that the installment payments of lump sum alimony will be deductible by the husband and taxable to the wife for federal income tax purposes. However, the husband despairs over the possibility that he may not be able to deduct such installment payments, particularly because the judgment recites that the wife's claim to an interest in the husband's pension plan was denied in part because of that award. See Beard v. Commissioner, 77 T.C. 1275 (1981).
[3] Cf. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980) (where under the particular facts of that case this court adopted an innovative use of life insurance to resolve a problem somewhat like that posed in the instant case).
[4] In order to analyze the distribution of marital assets, the figures used for the profit sharing plan and the lump sum alimony could properly be reduced to present value, but the disparity still would be so great as to require reversal.
[5] The concept of "equitable distribution" does not require equal division of the assets acquired during the marriage. Mahaffey v. Mahaffey, 401 So.2d 1372 (Fla. 5th DCA 1981).