PER CURIAM.
The appellant seeks review of a final judgment of dissolution wherein she complains that the trial judge “short changed” her in the division of the marital assets, particularly in regard to the following: the failure to award any alimony, the failure to take into account retirement plans, an award of a special equity, and failing to require the appellee to pay an amount of .child support and continue life insurance agreed to by the parties.
An examination of the record and the final judgment discloses that neither party should be entitled to alimony from the other, and that neither party shall be entitled to any distribution from the other’s retirement plan. Our examination of the record and authorities failed to disclose any other error, except a failure to continue the life insurance as agreed by the parties. Bosem v. Bosem, 279 So.2d 863 (Fla.1973); Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA 1988), rev. dism. 542 So.2d 989 (Fla.1989); Egan v. Egan, 392 So.2d 988 (Fla. 5th DCA 1981); Higgins v. Higgins, 348 So.2d 48 (Fla. 1st DCA 1977); Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977); Lithgow v. Lithgow, 340 So.2d 1283 (Fla. 3d DCA 1977); Plant v. Plant, 320 So.2d 455 (Fla. 3d DCA 1975); Simon v. Simon, 319 So.2d 46 (Fla. 3d DCA 1975).
Wherefore the final judgment under review is affirmed in all respects, except it is hereby amended to require the father to continue life insurance to cover future child support.
Affirmed as hereby amended.